JANVIER, Judge.
In this suit the plaintiff, Munson Hickman, prays for judgment for compensation at $30 per week for 400 weeks alleging that he is permanently totally disabled. In the Civil District Court for the Parish of Orleans the suit was dismissed and plaintiff has appealed.
The matter now comes before us on motion of' plaintiff-appellant that it be remanded to the Civil District Court in order that there may be introduced evidence which plaintiff says was not available at the time of the trial in the District Court and which indicates that the condition of plaintiff-appellant has grown worse since the trial. It is suggested that, if the matter b.e remanded, there will be introduced certain hospital records and the testimony of Dr. Arthur Houston and certain photographs which will indicate that, on one of the hands of plaintiff, there has recurred a ganglion which was not present when the case was tried in the District Court.
Dr. Houston testified at great length on the first trial and was plainly of the opinion that plaintiff, prior to the occurrence of the accident on which this suit is based, had had a ganglion which had been surgically removed.
In the letter of Dr. Houston, which was written to counsel for plaintiff after the trial below and which is attached to the motion to remand, Dr. Houston expresses the opinion that there has been a recurrence or re-appearance of the ganglion which had previously been surgically removed. A review of the testimony of Dr. Houston leaves the very distinct impression that he was of the opinion that the ganglion had not been caused by the accident on which this suit is based.
It is also made rather clear from the letter of Dr. Houston that he very carefully refrained from stating that, as a result of the re-appearance of the ganglion, plaintiff has been disabled.
Even if Dr. Houston were given the opportunity to again testify and even if *235 the photographs and the hospital records were introduced, in our opinion they would show no more than that the ganglion, which had not been caused by the accident, had re-appeared and that the accident had no causal connection with its re-appearance. We do not see that the additional evidence would add to or detract from that which was previously offered.
We well realize that, especially in compensation cases, every opportunity should be afforded for the introduction of any evidence which may be of assistance to the Court in arriving at a proper conclusion. However, this does not mean that every time an attorney believes that he should have asked additional questions of witnesses, who have already testified at length, the case should be re-opened or remanded in order that he may be given the opportunity to ask such additional questions of the same witness.
No useful purpose would be served by remanding the matter. The motion to remand is overruled.
Motion overruled.