188 So.2d 677 (1966)
Mrs. Mary E. MEEK
v.
TRAVELERS INSURANCE COMPANY and the Maryland Casualty Company.
No. 2281.
Court of Appeal of Louisiana, Fourth Circuit.
July 5, 1966.
*678 Sessions, Fishman, Rosenson & Snellings, Curtis R. Boisfontaine, New Orleans, for plaintiff-appellant and third-party plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ernest A. Carrere, Jr., Patrick W. Browne, Jr., New Orleans, for defendant-appellee.
Before REGAN, CHASEZ, and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Mary E. Meek, filed this suit against the defendants, the Travelers Insurance Company and the Maryland Casualty Company, the respective liability insurers of the lessee, Maison Blanche, and the owners of the Carrollton Shopping Center, endeavoring to recover the sum of $71,640.00 representing damages for personal injuries which she asserts were incurred as a result of the negligence of the defendants' insureds in failing to repair a crack or small triangular break existing in a concrete sidewalk of the shopping center which caused her to fall when the square heel of her shoe[1] was caught therein.
The defendants answered and pleaded the primary negligence of the plaintiff. In the alternative, they asserted that the *679 proximate cause of the accident was the plaintiff's contributory negligence which consisted of her carelessness and inattention in failing to observe the condition of the sidewalk over which she was walking.
In addition thereto, Maryland Casualty Company, the insurer of the owners of the Carrollton Shopping Center, Edmond M. Brignac, M. E. Poison, and Laura Brignac Montero, filed a third party petition against the Travelers Insurance Company, the liability insurer of the lessee, Maison Blanche,[2] requesting the rendition of a judgment for indemnification or, in the alternative, contribution.
The lower court rendered judgment in favor of the plaintiff and against the defendant, Maryland Casualty Company, in the sum of $11,936.45, but dismissed her suit against the defendant, the Travelers Insurance Company. Judgment was also rendered in favor of Travelers against Maryland Casualty Company, dismissing its third party petition.
Maryland Casualty Company subsequently paid the plaintiff the full amount of the judgment and obtained an assignment or subrogation of her rights against the Travelers Insurance Company. Thereafter, the plaintiff and Maryland Casualty Company, as third party plaintiff, appealed from the lower court's judgment in favor of the defendant, the Travelers Insurance Company.
The record discloses that the plaintiff sustained a fall at approximately 1:00 P.M. when she asserts the square heel of her shoe was caught in a crack or small triangular break in a concrete sidewalk located in front of an entrance to a branch store of Maison Blanche in the Carrollton Shopping Center. The plaintiff and her daughter had decided to shop therein during their respective lunch hour, and they were hastily leaving the store in order to permit her daughter to timely return to work when the accident occurred.
The plaintiff and her daughter both related that they walked through the door of the store and had intended, when the accident intervened, to continue directly toward their automobile which was parked nearby in an area reserved therefor. They were engaged in an animated conversation, and admit that they were relatively oblivious of the sidewalk over which they were walking.
The defect on which the plaintiff fell, and we reiterate for the purpose of emphasis, consisted of a crack or small triangular break in the sidewalk which was located at the base of an oval area which served as part of the entranceway to Maison Blanche. The evidence informs us that in order to eliminate the necessity for a step in the doorway of the store, a portion of the sidewalk was ovally sloped in the direction of the door to accomplish this purpose.
The photographs of the relatively insignificant crack or small triangular break in the sidewalk which were also introduced into evidence very definitely discloses that it was plainly visible to anyone walking in the vicinity thereof. In addition thereto, the testimony emanating from the witnesses appearing herein clearly reveals that the defect was not concealed by an obstruction, shield or covering, and that it did not, in any sense of the word, create what we have judicially designated as a "trap".
The jurisprudence emanating from similar accidents is clear in its rationalization to the effect that store proprietors and property owners are not the insurers of the safety of persons they invite on their premises to engage in business transactions. They are, however, under an obligation to keep their property in a safe condition for the purposes of their business and must maintain the buildings and appurtenances used in connection therewith free of defects or conditions which would qualify as concealed dangers, hazards, or traps, not *680 known to the invitee and not observable by him in the exercise of reasonable care. The invitee, of course, assumes the ordinary and obvious risk involved in the use of the property and may not recover for injuries which could have been avoided by the exercise of reasonable care.[3] Moreover, while the duty to search for concealed dangers is not imposed upon an invitee or a business visitor, such an individual is admonished by the existing jurisprudence to walk with his eyes open, to observe the course which he is pursuing, and to actually see and be guided by what is readily apparent.[4]
The evidence adduced herein convincingly reveals that the sidewalk was free of concealed dangers or traps, and that the relatively insignificant defect which may have caused the plaintiff's fall was quite obvious to anyone desirous of exercising her ability to see, which, of course, anticipates as a sequence thereof the use of reasonable care.
The plaintiff, it will be recalled, asserted that she and her daughter were hurrying from the department store, and that they were not attentive to the path in which they were walking. These pertinent statements, together with the nature of the defect in the sidewalk, lead us to the inevitable conclusion that the plaintiff's fall was unfortunately the result of her own carelessness and inattention.
For the foregoing reasons, the judgment of the lower court in favor of the plaintiff and against Maryland Casualty Company is reversed, and the judgment in favor of Travelers Insurance Company against both the plaintiff and Maryland Casualty Company is affirmed. Maryland Casualty Company is to pay all costs incurred herein.
Reversed in part and affirmed in part.
NOTES
[1] The shoe was introduced in evidence and it was of the sandal type with a rather square conventional heel as distinguished from the more fashionable spiked heel.
[2] Owned and operated by City Stores, Inc.
[3] See Coquille v. Expressway Bowling, Inc., La.App., 183 So.2d 347 (1966); Tete v. Newark Insurance Company, La.App., 170 So.2d 248 (1964).
[4] Coquille v. Expressway Bowling, Inc., supra; Spinks v. General Fire and Casualty Company, N. Y., La.App., 175 So. 2d 339 (1965).