CULPEPPER, Judge.
The plaintiff, Mrs. Willis Vidrine, seeks damages for personal injuries sustained when she fell down a step in a doorway in the upholstery shop of the defendant, Howard Dupre. The defendant, Hanover Insurance Company, is the shop owner’s insurer. From an adverse judgment plaintiff appeals.
The sole issue on appeal is whether the shop owner was negligent.
The accident occurred on October 13, 1965 between 1:00 and 3:00 p. m. Plaintiff had been sitting in a pickup truck in front of defendant’s upholstery shop, waiting for her husband who was transacting some business. Mr. Dupre saw her and, because it was very hot, invited her into the shop to cool off. She walked through the front door of the building into the front room, which has a concrete floor. From there she walked to a door leading to a workshop in the rear. This workshop has a wooden floor, which is approximately seven inches higher than the concrete floor of the front room. Hence, in passing through the door to the workshop it is necessary to step up about seven inches.
Mrs. Vidrine safely stepped up this one step and passed through the door to the rear room, where she sat for a short period of time. However, when she left she apparently forgot the split elevation between the two rooms and walked “into thin air”, causing her to fall to the cement floor and fracture her hip.
The evidence shows it was a clear, bright day and the inside of the building was well lighted through doors and large windows. The step could be easily seen and, of course, was seen by Mrs. Vidrine when she entered the back room.
Our jurisprudence is established that the presence of steps between differ *419 ent floor levels in store buildings is not negligence, unless they are so constructed or located that a reasonably prudent person would not see them. Knight v. Travelers Insurance Company, La.App., 32 So.2d 508, 509 (1st Cir. 1947); Gosselin v. Stilwell, 78 So.2d 234 (La.Orl.App.1955); Connella v. Hartford Accident & Indemnity Company, La.App., 119 So.2d 881; Jumonville v. Calogne, La.App., 141 So.2d 430; Magoni v. Wells, La.App., 154 So.2d 524 (writ of certiorari refused). Certainly Mrs. Vidrine should have seen this step by the use of reasonable care.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.