REID, Judge.
The subject of this case is an accident allegedly sustained by the plaintiff, Mrs. Evelyn James, on October 23, 1965. The plaintiff alleges that she was a regular customer *722 of Food Town, Inc., on Florida Boulevard, Baton Rouge, Louisiana, and on the date above had completed her shopping and was exiting from the western-most door of this establishment. She further alleges that she was following immediately behind a lady with her small child and after proceeding two or three steps out of the door and turning to the right, she tripped over the steel “runners” which form the supporting base of a Coca-Cola “no parking” sign which is located approximately three feet from the door of the premises and on the sidewalk immediately adjacent to the premises.
Suit was brought in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana, and judgment was rendered in favor of the plaintiff in the amount of $1,-850.00 and for her husband special damages in the amount of $158.88 for medical expenses and $650.00 for loss of wages of his wife. The defendants, Food Town, Inc., and Employers’ Surplus Lines Insurance Company, filed a suspensive appeal specifying as errors:
(1) That the trial court erred in determining that the sign as positioned was a dangerous instrumentality.
(2) That the trial court erred in determining that the defendant, Food Town, Inc., had constructive knowledge of the position of the sign.
(3) That the trial court erred in determining that the plaintiff, Mrs. Evelyn James, was free from negligence proximately causing the accident.
The plaintiff has answered the appeal and has asked for an increase in the award to a sum of $3,500.00.
The first determination to be made is whether the defect in the instant case was dangerous or was in the naure of a trap. The plaintiff cites the cases of White v. City of Alexandria, 216 La. 308, 43 So.2d 618, and St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273, for the proposition that there is no fixed rule for making such a determination, and that -the facts and circumstances of each particular case govern. In the instant case, the Trial Judge found that while the sign itself was of such bulk that it would not necessarily constitute a hazard or trap, the runners on the base of the sign extended to some five or six inches across the sidewalk that led to the door and under these circumstances, these runners would constitute a trap or hazard.
The defendant relies upon what it refers to as a “three-pronged argument”; that the sign itself, because of its size, did not constitute a trap; that it was not in such a position that it would be of any danger to the petitioner; and, that the sign was of such size and construction that it was clearly visible to anyone exercising reasonable care. A series of photographs of the sign were introduced into evidence as plaintiff’s “Exhibit Two” and defendant’s “Exhibit One”. Also, a Schematic drawing was introduced showing the dimensions of the sign'as defendant’s “Exhibit 2” and plaintiff’s “Exhibit 3”. These exhibits indicate that the sign had a base of 36 inches; its height was 55% inches. These exhibits also indicate, however, that the runners extend some 7]/z inches from the sign, are of perforated steel and are dark in color. It must be noted here that the Trial Judge,was impressed, not with the size and coloration of the sign itself, but with the protruding runners at the base of the sign which, according to the testimony, actually caused the plaintiff to fall. As pointed out earlier, it was the Trial Judge’s opinion that these runners, due to their proximity to the door leading from the defendant’s premises, did constitute a trap or hazard. We find nothing in the record to indicate any manifest error on the part of the Trial Judge, and as a result, we are unable to overrule the Trial Judge’s finding of fact.
The next question to be decided is whether the trial court erred in determining that the defendant, Food Town, Inc., had constructive knowledge of the position of the sign. It was the Trial Judge’s opinion that the sign had been placed in such prox *723 imity to the exit of the store for a sufficient period of time to where the employees of the defendant, Food Town, Inc., knew or should have known of its presence. The various testimony introduced with this regard certainly substantiates this finding of the trial court. Mrs. Rosalie McFadden, a clerk at the T. G. & Y. store, testified that she saw the sign on the sidewalk at 1:20 P. M., and since the accident occurred at approximately 2:00 P.M., it is readily evident that the sign was in this location for at least some forty minutes prior to the accident. It was brought out by the testimony of Mr. Dugas, the manager of the defendant, Food Town, Inc., that at least ten bag boys would have passed through this particular exit during a normal thirty-minute period. Again, in the absence of any testimony which would indicate manifest error on the part of the Trial Jtjdge, we are not at liberty to overrule his finding of fact and we must sustain him with regard to his finding that the defendant had constructive notice of the dangerous position of the sign.
As to the question of contributory negligence, it was pointed out earlier that the runners on the base of the sign which actually caused the accident were not nearly so conspicuous as the actual sign itself. This would seem to negate the contention of the defendant that the plaintiff’s failure to see the sign would amount to contributory negligence since the accident was actually caused by the runners and not the sign itself. Further, the record will bear out by the testimony of Mrs. McFadden and Mr. Willie James Butler that the plaintiff, Mrs. James, was preceded from the store by a white lady with a small child. It is quite understandable that a person following behind two other people would have his view obstructed and any failure to see an inconspicuous piece of steel could certainly not be considered as contributory negligence under these circumstances. Further, there is no evidence to the effect that Mrs. James was hurrying or that she was negligent in any other manner. We agree with the counsel for the plaintiff that the case of Meek v. Travelers Insurance Company, La.App., 188 So.2d 677, is distinguishable from the facts of this case due to the absence of any evidence as- to Mrs. James’ contributory negligence other than conjecture on the part of the defendant’s counsel.
The final question to be decided is the sufficiency of the damages awarded by the trial court. The Trial Judge saw fit to award Mrs. James $1,850.00 for her pain and suffering and awarded to her husband, Herman James, $33.38 for medicine and drugs, $95.00 for doctors fees, $30.50 for the hospital bill, and also, loss of wages in the amount of $650.00, allowing disability for a three-month period during which she would have received wages in the amount of $26.00 a week. Also, the defendants were cast for all costs and the doctor’s fee for testifying was fixed in the amount of $50.00. The plaintiff has answered the appeal asking that the award to Mrs. James be increased to $3,500.00 based in part on the case of Hayes v. Illinois Central Railroad, La.App., 83 So.2d 160. In this case a judgment of $2,000.00 was sustained for pain and suffering where the plaintiff suffered from a broken left arm, suffered bruises and contusions on the left side and was in a cast for approximately two months. The plaintiff contends that the value of the dollar has depreciated since this case was decided in 1955 and that the award to Mrs. James should be in the amount of $3,500.00. While we have nothing to substantiate the plaintiff’s claim that the American dollar has been devaluated to such an extent, we do feel that the plaintiff should be entitled to an award of $2,500.00 for pain and suffering sustained as a result of her broken arm. For the reasons assigned, the judgment appealed from is amended to the extent that the amount awarded to Mrs. James shall be increased from $1,850.00 to $2,500.00. As amended, the judgment appealed from will be affirmed at the cost of the defendant.
Amended and affirmed.