YARRUT, Judge.
This is a direct action against Defendant, as liability insurer of Seven Kettles Restaurant, for personal injuries and other damages suffered by Plaintiffs, resulting *83 from a fall by the wife in a parking lot adjacent to Defendant’s insureds’ restaurant.
The Trial Judge dismissed Plaintiffs’ suit, from which judgment Plaintiffs have taken this appeal.
On February 6, 1965 Plaintiff-wife, Mrs. Helene Boubede, with her husband and two adult daughters, went to Seven Kettles Restaurant about 6:30 P.M. for dinner. A daughter parked the car in the restaurant parking lot near one of two trees located in the lot. Mrs. Boubede admitted noticing the trees before she walked to the restaurant for dinner. After the family completed their meal about 8:00 to 8:30 P.M. they started to return to their automobile, Mrs. Boubede walking ahead of the others. At a point adjacent to the car Mrs. Boubede stepped into a muddy depression around one of the two trees and sustained the injuries complained of.
The parking surface itself was paved with black asphalt. The area around the trees was the mud surface, wet and slippery, about two inches lower than the asphalt. It had been raining a great deal during the day, and when the Boubede party was returning to their car the air was still misty. The members of the Boubede party testified the parking area was very dark, and that it was difficult to see just where the asphalt dropped below the mud around the trees; that Mrs. Boubede was not running but was walking in a normal manner.
Mrs. Siebenkittel, one of the owners who lived in an apartment above the restaurant, testified that the parking area was sufficiently lighted. The only other witness, a patron of the restaurant, testified he arrived just as Mr. Boubede walked by; that he thought he recognized him, and that there were lights shining on the parking lot at the time. This evidence was introduced by Defendant to show there was sufficient light for Mrs. Boubede to see where she was walking.
There is no question that, as Plaintiffs were customers returning from the restaurant on the owners’ property at the time of Mrs. Boubede’s injury, they were invitees. The duties owed them by the restaurant owners have been described as follows:
“Storekeepers and property owners are not insurers of the safety of their invitees; they are only under a duty to keep their premises in a safe condition for use in a manner consistent with the purposes thereof, i. e., free of defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the invitee and would not be observed by him in the exercise of reasonable care; the invitee assumes the obvious, normal or ordinary risks attendant on the use of the premises, and storekeepers or owners are not liable for injuries to an invitee when those injuries result from a danger which should have been observed by the latter in the exercise of reasonable care.” Coquille v. Expressway Bowling, Inc., 183 So.2d 347.
See Meek v. Travelers Insurance Company, La.App., 188 So.2d 677; Tete v. Newark Insurance Company, La.App., 170 So.2d 248, and the cases cited therein.
A case directly on point is Byrnes v. National Casualty Co., 45 So.2d 408, in which the plaintiff also was parked in a lot adjacent to a restaurant. The parking lot was surfaced with clam shells and plaintiff was injured as she stepped into a puddle caused by the indentation in the shells. This Court ruled that the lighting was sufficient for a person using ordinary care to see the ground and to discover the unevenness of the surface, and held the restaurant owner was not liable. The crucial question then is whether or not, in the instant case, there was sufficient lighting so that a prudent and observing person would be aware of the muddy surface.
While Plaintiffs testified there were no lights to warn them of any danger, Mrs. *84 Siebenkittel testified to the following effect :
“Q. Now, Mrs. Siebenkittel, you have heard the testimony of these witnesses who say there were no lights on?
A. Yes, sir.
Q. In the parking lot. Would you tell the Judge whether that is correct or incorrect?
A. No — it is not correct. When I looked out the window there was this car — the car was just parked there and no lights on the car and I looked out and I could write the license down, and if they had no lights I would be unable to copy the license down.
and
A. Yes sir — three parking lights that shown out into the parking area and a light at the rear of the house — one shining into the rear of the parking area — and one in the backyard— four lights.
Q. The three lights shining in the parking area, would you tell the Court where those are located and describe them to the Court?
A. They are located in — they are on the side of the building and shining down into the parking lot; there’s three against the side of the building shining down in the parking lot, and the last one is on the corner building — the one shining in the parking lot and the one shining down in my backyard.

Q. And where is the light directed?
A. It is directed down onto the lot, from the top of the building going down.
There’s also big vaporizer lights on that street, that the city has installed all over- those streets and they have been there for years.”
In his “Reasons for Judgment” the District Judge, inter alia, said:
<i * * *
“The Court has listened to the case very patiently and the Court cannot by any stretch of its imagination conceive that the owners of this restaurant and the parking lot were negligent in any way. The Court finds no negligence on the part of the defendants. But even if the Court would stretch its imagination and say that the defendants (proprietors of the restaurant) were negligent, certainly the plaintiff was guilty of contributory negligence in stepping into a spot which she knew, or should have known, was not paved, because it was close to a tree, and everybody knows you don’t run pavement right smack up against the tree.
“In view of all the circumstances the Court has no alternative but to render a judgment in favor of the defendant, dismissing plaintiffs’ suit.”
Implicit in the Trial Court’s “Reasons for Judgment” is the conclusion that there was sufficient light for Mrs. Bou-bede to see any obstacle or depression in her path.
For the above reasons, the judgment appealed from is affirmed, Plaintiffs to pay all taxable costs in both Courts.
Affirmed.