LOTTINGER, Judge.
This is a slip and fall case wherein Barbara Miller Ransom, individually and on behalf of her minor son, Ronald Miller, filed suit against Acosta Cleaners, Inc., and Millers Mutual Insurance Company for damage sustained when Ronald Miller slipped in a pool of water in a washateria owned and operated by the defendant, and broke his right arm. From a judgment in favor of the plaintiff, the defendants have appealed, and the plaintiff has answered the appeal seeking an increase in the amount of the award.
Young Ronald Miller, who at the time of the slip and fall was thirteen years old, on April 22, 1966, at approximately 6:00 o’clock P.M., entered Acosta Cleaners, hereinafter referred to as washateria, to wash some clothes for his mother. After having placed the clothes in a washing machine, he and a friend, Floyd Williams, who was also at the washateria went out the front door of the washateria and stood under an awning talking. Young Miller testified that on his way to the washateria it was drizzling, and after he and Floyd Williams had stood under the awning for a very short period of time, it started raining rather hard, and the wind was of such a force that it compelled the two boys to reenter the washateria so as not to get wet. At the front of the washateria was a large plate glass window of approximately seven feet in height by ten feet in width. This window had been damaged during Hurricane Betsy and had never been replaced as of the time of the accident. The awning across the front of this building covered only a portion, of approximately three and one-half feet, of this seven by ten foot window.
Floyd Williams re-entered the washater-ia ahead of young Miller, and in his testimony he stated that as they walked into the building he heard young Miller make a sound and as Williams turned around he saw Miller sliding and falling to the floor. Both Williams and Miller were the only witnesses to this accident, and both testified that there was a puddle of water at the front of the building near the front door. Further, both testified that as young Miller lay on the floor, they could feel the rain coming in through the broken window and falling on them.
The Trial Court found that the defendant was negligent in that it allowed a broken window to go unrepaired when it was conceivable that rain would come in through this window and cause a dangerous situation. The Trial Court awarded Barbara Ransom, individually, the sum of $130.50 for special damages, and as natural tutrix the sum of $1,250.00. From this judgment the defendants have perfected this suspensive appeal.
We feel there can be no question but that a storekeeper is not the insurer of the safety of his customers. His duty is only to keep the floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. A patron must behave as a reasonably prudent person with ordinary intelligence. The question therefore is whether the defendant was negligent in the manner in which it maintained its washateria.
There was much discussion on the trial of this case as to whether it was possible for rain water to have come into the building through the broken window and settle in the area as alleged by the plaintiff. There was also some discussion as to whether this was rain water or soapy water from the washing machines. An employee of the defendant testified that the washing machines located in the area where the water settled were top loading machines and did not overflow. The Trial Judge concluded that this was rain water *226 and not soapy water from the washing machines. With this we must agree inasmuch as an employee of the defendant testified that the washing machines in this area would not overflow. As to whether it was possible for rain water to have settled in this area, we feel that considering the fact that a relatively strong wind was blowing during this rain and that an area of six and one-half feet was open to the wind and rain, we must conclude that it was certainly possible for the wind to have blown the rain through the window causing the water to settle in the area that young Miller testified he commenced his fall.
For a storekeeper to allow a window ten feet wide by seven feet high to remain broken and unrepaired for four to five months, or more, considering that it would be certainly possible for rain to enter the building and cause standing puddles of water is in our opinion negligent.
The defendant has pleaded the contributory negligence of this young boy, and the plaintiff has contended that if there was any negligence on the part of this thirteen year old it was certainly only momentary forgetfulness.
It is indicated in the record by young Miller that when he first left the washateria to stand under the awning he did not notice any water at the spot where he slipped. Because it started to rain with such force, he and his young friend were forced to go back inside. From the above facts, it is apparent that there was no water on the floor when he went out and he had a right to assume that the floor was safe when he returned in. We are of the opinion that ,the defendant has failed to prove contributory negligence on the part of young Miller.
In seeking an increase in quantum, the plaintiff has cited to us Goss v. Armstrong, 176 So.2d 462 (La.App.3rd. Cir., 1965) and James v. Food Town, Inc., 205 So.2d 721 (La.App. 1st Cir., 1967). In the Goss case, supra, the plaintiff was awarded $3,500.00 general damages for certain personal injuries, including a broken arm, plus $1,035.06 special damages which included medical expenses and loss of wages. And in James v. Food Town, Inc., supra, a married woman was $2,500.00 for pain and suffering for a broken arm and bruises and contusions. Though the awards in the cited cases are greater than that of the instant case, we feel that the Trial Judge has not abused that great amount of discretion granted him so as to warrant an increase in quantum by this Court.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by defendant-appellant.
Judgment affirmed.