225 So.2d 317 (1969)
Mrs. Elise G. KUHN, widow
v.
Mrs. Denise OULLIBER and Sun Insurance Office, Ltd.
No. 3595.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1969.
Rehearing Denied July 31, 1969.
Garvey, Salvaggio & Prendergast, John A. Salvaggio, New Orleans, for plaintiff-appellee.
Watson, Blanche, Wilson, Posner & Thibaut, Peter T. Dazzio, Baton Rouge, for defendants-appellants.
Before SAMUEL, REDMANN, and BARNETTE, JJ.
BARNETTE, Judge.
The plaintiff, Mrs. Elise G. Kuhn, seeks recovery of damages for injuries sustained by her in a fall in her sister's home while on a visit to her sister. She named as defendants in the suit her sister Mrs. Denise Oulliber and Sun Insurance Office, Ltd., Mrs. Oulliber's insurer under a home owners liability policy. She was awarded judgment against defendants in solido in the amount of $5,640. The defendants have appealed.
Mrs. Oulliber had a small dog which she at times confined in restricted areas of her house by placing a board across the doorways. It was moved from one door to another according to the area in which she wished to confine the dog. The board *318 was described as a mahogany table leaf from 10 to 12 inches wide.
On the day in question, Sunday, April 17, 1966, the board was placed in the hallway to block the dog's entrance to the carpeted living room and to keep it confined in the hall and foyer area. On that day, shortly after noon, the plaintiff; another sister, Mrs. Louise Fontana; and a friend, Miss Miller, came to have dinner with Mrs. Oulliber. The ladies entered the front door, went through the living room, and later into the kitchen where they had an informal dinner and visit. After dinner they went to a front bedroom by means of a hallway. After a while, the plaintiff left the bedroom to go into the living room across the hall. As she attempted to enter the open doorway from the hall to the living room, she tripped over the board across the doorway and sustained the injuries complained of. The doorway into the living room was approximately, but not directly, opposite the bedroom door.
The defendants deny Mrs. Oulliber's negligence in placing the board across the door, the ends of which extended along the wall on each side of the open door, and argue that the board was clearly obvious and was not in the nature of a trap. They plead the primary negligence of plaintiff in failing to see the board which was in plain view, and which they argue should have been observed by any reasonably prudent person using the hallway. In the alternative they plead the plaintiff's contributory negligence.
The trial judge at the conclusion of testimony and argument of counsel dictated into the record his findings and said:
"The court doesn't have any difficulty in determining that the defendant in this case was guilty of negligence. The very fact that she placed a one foot board across the doorway was certainly a condition which would tend to cause an accident.
"Persons in the ordinary course of events, particularly in a residence, do not expect the doorway to be barred nor would they expect the board to be stretched across it. The fact that she put this board across the doorway without warning her invitees that there was a board across the doorway was negligence per se. I have no difficulty in determining that the defendant was guilty of negligence."
He then held that the defendants had not discharged the burden of affirmative proof of contributory negligence by a preponderance of the evidence.
On the issue of liability we have the testimony of the plaintiff and defendant, and their sister, Mrs. Fontana. The other guest, Miss Miller, was not called to testify and there is no explanation in the record for her absence from the trial. There is practically no dispute among the witnesses, and we will summarize the pertinent parts of their testimony.
The board across the door was within the view of the guests as they entered the living room through the foyer entrance. They visited for a while in the living room before going to the kitchen for dinner. The hall doorway from the living room was not used during the time they visited in the living room. They entered the kitchen through another door. After dinner they went up the hallway past the door in question to a front bedroom to continue their visit. None of the witnesses denied that the board in question could have been seen from the living room or when passing up the hallway to the bedroom.
The plaintiff admitted that she knew her sister had used the board in the manner described on other occasions throughout the house and that she visited her sister about once a month. There was no specific warning to the guests on the day in question. There was adequate lighting in the hall, living room and bedroom. The plaintiff and the other ladies did not deny that the board could be seen by anyone since *319 it was not obstructed from view. At the time plaintiff fell over the board she was carrying a dress on a hanger. She did not say that the dress obstructed her view, but her counsel argues in this court that it did, saying: "* * * she was innocently preoccupied at the time holding a dress on a hanger directly between her line of sight and the floor." We fail to find anything in plaintiff's testimony that the dress was carried in a manner to obstruct her view.
The question presented to us on this appeal is whether the trial judge properly applied the law as contained in our jurisprudence to these facts in arriving at his conclusion.
The plaintiff bases her case primarily on the argument that a host owes a duty to his invitee to warn him of hidden dangers or concealed perils, citing Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967). We find no fault with the principle of law stated.
In the Foggin case the Supreme Court found that a board nailed across a gate in the host's yard to contain a dog did not constitute a trap, nor that it was a vice in construction, but said: "However, it was an obstacle and obstruction to unimpeded passage or walking through the gateway." The Court found that when the hostess opened the gate and indicated to her mother-in-law guest that she could safely pass through the gate, she owed to her the duty to warn her of the obstruction. The Court found her failure to do so was the proximate cause of the accident.
It does not necessarily follow, however, that the failure to warn the invitee in this case entitles this plaintiff to recover damages. The Supreme Court recognized this when it said in the Foggin case: "Each case must be decided on its own facts and circumstances," citing Pilie v. National Food Stores of Louisiana, Inc., 245 La. 276, 158 So.2d 162 (1963).
The jurisprudence clearly has established the principle of law that a person is charged with the responsibility of observing obvious and apparent obstructions or defects in his pathway and must exercise the caution to be expected of a reasonably prudent person. He cannot recover damages for injuries sustained as a result of his own want of reasonable care and observation. Boubede v. Casualty Reciprocal Exchange, 209 So.2d 82 (La.App. 4th Cir. 1968); Meek v. Travelers Insurance Company, 188 So.2d 677 (La.App. 4th Cir. 1966); Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App. 3d Cir. 1962); Alexander v. General Accident Fire & Life Assur. Corp., 98 So.2d 730 (La.App. 1st Cir. 1957).
It is also well settled in our jurisprudence that a host has no duty to warn his invitee of a potentially dangerous condition which is obvious to any reasonably prudent person. Skyles v. State Farm Fire & Casualty Company, 210 So.2d 609 (La. App. 2d Cir. 1968); Coquille v. Expressway Bowling, Inc., 183 So.2d 347 (La. App. 4th Cir. 1966); Lafitte v. Grain Dealers Mutual Insurance Co., 121 So.2d 774 (La.App. 2d Cir. 1960); Alexander v. General Accident Fire & Life Assur. Corp., supra; Crittenden v. Fidelity & Casualty Co. of New York, 83 So.2d 538 (La.App. 2d Cir. 1955); see also 27 La.L.Rev. 796 (1967).
In the Foggin case upon which plaintiff relies so strongly, the Court found as a fact that the accident happened in the nighttime and that "[t]he board was of a dark color, blending with the redwood fence, and was not visible in the existing light." The Court further said: "The instant dangerthe boardwas not such, under the facts found, as could and should have been discovered by Mrs. Foggin."
The principles of law applied in the Foggin case are not supported by the facts in this case. Here the plaintiff knew of her sister's use of the table leaf to confine her small dog in different parts of the *320 house. She either saw or should have seen the board in question on the day of the accident. In first entering the living room, while visiting in the living room, before dinner, and later when she went up the hall past the door in question, she observed or should have observed the board which was clearly within her view. Under these circumstances her sister was under no duty to warn her specifically about the board.
Just what would constitute negligence on the part of a host in regard to obstructions in a doorway in any and every situation we will not speculate. Certainly there would be no duty to warn a guest about a chair placed in a doorway, or a folding gate, such as is commonly used to confine small children. Such objects are clearly observable to any prudent person. On the other hand, a clothes line or small rope might constitute a hazard not easily observable and thus impose the duty to warn an invitee on the premises. This is the reason for the Supreme Court's statement that every case must be decided on its own merits.
In this case it is our opinion that the board, described as 10 to 12 inches wide and which we assume, from the fact that it was a table leaf, to have been no less than 36 to 42 inches long, standing edgewise across the bottom of an open doorway, was easily observable to any person attempting to use the doorway.
We do not agree with the trial judge's finding that the defendant Mrs. Oulliber was "guilty of negligence" in placing the board across the door, but we do agree that such a thing might create a hazard which would impose upon the host the duty to warn his guests. But the host is relieved of this duty when the obstruction is known to the guest or so obvious and easily observable that a warning would not be necessary to a reasonably prudent person. It is in this respect primarily that this case is distinguishable from Foggin v. General Guaranty Insurance Company, supra.
This case is also distinguishable from Hanford v. Jan C. Uiterwyk Company, La. App., 214 So.2d 236. In that case the plaintiff tripped over a small discarded band and sustained serious injuries. We found that the defendant Cooper Stevedoring Company was guilty of negligence in failing to remove the bands from the wharf area in which plaintiff was working and that plaintiff was not contributorily negligent in failing to observe the bands which were not obvious and apparent.
The facts in this case simply do not present a situation meeting the requirements of law for the recovery of damages by the injured guest. See cases cited supra.
The ladies who testified in this case were eminently fair and honest in giving their testimony, and it is regrettable that a recovery of damages for the painful and serious injury sustained by plaintiff cannot be granted. The hostess was not an insurer of the safety of her sister and the evidence does not support an action for damages ex delicto.
The judgment appealed from is reversed, and judgment is now rendered in favor of the defendants-appellants, Mrs. Denise Oulliber and Sun Insurance Office, Ltd., against the plaintiff-appellee, Mrs. Elise G. Kuhn, rejecting plaintiff's demands and dismissing her suit at her cost.
Reversed.