PRICE, Judge.
Plaintiffs, Earl Riddle and his wife, Lennie Ruth Crawford Riddle, brought this action against The Barn Playhouse of Shreveport, Inc., and its liability insurer, Insurance Company of North America, seeking damages for personal injuries and related expenses resulting from a fall sustained by Mrs. Riddle while a patron at The Barn Playhouse on December 17, 1971.
The trial court rejected plaintiffs’ demands and plaintiffs have perfected a de-volutive appeal from this judgment. We affirm the decision of the trial court for the reasons given hereafter.
The Barn Playhouse is a dinner theater serving a buffet style dinner to its patrons prior to the commencement of the stage performance. Tables are arranged in horseshoe fashion around the ground level stage with rows of tables on multi-levels to provide maximum stage visibility.
On the evening of the accident Mr. and Mrs. Riddle were attending a Christmas party given by Mr. Riddle’s employer. They were ushered to the reserved area by a waiter and took their seats at a table for two on one of the upper levels. This row of tables is situated on a ledge eight and one-half inches above the level of the aisle. *471 As the width of the ledge is twenty-four inches, the tables and chairs extend to near the edge of the ledge. Plaintiffs contend Mrs. Riddle fell as she stepped down from her table to join the buffet serving line and struck her right shoulder on a bannister across the aisle, causing injury to her back and shoulder.
Plaintiffs further contend the fall and resultant injuries were caused by the negligence of the defendant, Barn Playhouse. The theory of plaintiffs’ case is that the theater owner failed to exercise reasonable care to protect its customers by the maintenance of a hazardous condition on the premises which the patron would not readily be aware of because of improper lighting and lack of warning. Plaintiffs sought to prove that the placement of a table for two on such a narrow ledge with a step down of eight and one-half inches is an inherently dangerous situation and was even more hazardous by the use of the same dark colored carpeting on the ledge as used on the aisle, making it more difficult to safely descend from the ledge under the poor lighting conditions that existed. Plaintiffs further sought to show that the small table lamp on their table was not burning at the time and there were no warning lights affixed to the ledge to denote its presence.
Defendants deny Barn Playhouse was negligent and contend the accident was caused solely by the negligence of Mrs. Riddle or that she was at least guilty of contributory negligence which should bar recovery.
The trial judge in his reasons for judgment not only found Mrs. Riddle negligent but further concluded there was insufficient evidence to establish negligence on the part of the owner of the theater.
There is no dispute as to the principles of law under which the issue presented must be resolved and we concede the cases relied on by appellant setting forth the duty of care required by a business proprietor to provide a step down that can be safely negotiated by a customer exercising ordinary care are correct expressions of the law in this regard. See Vidrine v. Dupre, 204 So.2d 418 (La.App. 3rd Cir. 1967); Magoni v. Wells, 154 So.2d 524 (La.App. 4th Cir. 1963); Madere v. Tranchina, 62 So.2d 871 (La.App. Orl. 1953); Knight v. Travelers Insurance Co., 32 So.2d 508 (La.App. 1st Cir. 1947).
Whether or not the duty of reasonable care has been met is a factual determination to be made under the circumstances presented in each individual case.
The testimony shows that prior to- the beginning of the performance there are floodlights burning in the stage area where the food is being served buffet style and this amount of light is in itself adequate for proper vision in all of the table areas without the individual table lamps being utilized. The testimony also shows the table lamps are primarily for decorative purposes and not for lighting. As this accident happened while the floodlights were on, we conclude plaintiff has failed to establish lack of lighting as an element of negligence. We are not called upon to express an opinion on the adequacy of lighting during the performance.
An architect testified on behalf of plaintiffs in regard to the issue of improper design of the table ledge. We gather from his testimony that although the best architectural practice is to avoid a one step change in elevation and to limit the height of a step to not more than seven inches, this standard relates to sudden changes in floor levels from one walking area to. another. We find-a distinction in the instant case which involves a raised level at the point of destination of the patron who cannot help but be aware of its existence. Most of the cases relied on by plaintiffs involve a change in floor levels in a continuing walkway and are not analogous to the facts of this case.
Plaintiffs have urged that the maintenance of the table on such a minimum width ledge created a hazard that would *472 require a patron to exert more than just ordinary care in going to and from his seat on the ledge. We conclude, as did the trial judge, that Mrs. Riddle was fully aware of the step up to the table level, having just taken her seat some 20 to 30 minutes prior to the time of her fall. It was also shown Mrs. Riddle had visited the theater on several other occasions and although she was seated at a larger table on the stage level on prior visits, she must have been aware of the general arrangement of seating on the upper tiers of tables. ' Although at the time of trial' Mrs. Riddle could not explain precisely why she fell as she attempted to leave the table, she gave a statement to the attending physician the day after the accident stating she caught her heel on the step. This, of course, if true, would be further indicative that the fall resulted solely from her lack of care in stepping down from the table ledge to the aisle.
In view of the foregoing circumstances, we find the evidence to preponderate that the accident and resulting injuries were solely caused by the negligence of Mrs. Riddle.
The judgment appealed from is affirmed at appellants’ costs.