HOOD, Judge.
Mr. and Mrs. Robert L. Jones claim damages for personal injuries sustained by Mrs. Jones when she stumbled and fell in the home of Mrs. Eva G. Miller. The defendant is Fireman’s Fund Insurance Company, the liability insurer of Mrs. Miller. The trial judge rendered judgment in favor of plaintiffs, and defendant appealed.
The issues presented are whether defendant’s insured was negligent, and whether plaintiff, Mrs. Jones, was chargeable with contributory negligence, barring plaintiffs from recovering.
The accident occurred between 6:00 and 7:00 A.M. on January 20, 1969, at the home of Mrs. Eva G. Miller, in Eunice, Louisiana. Mrs. Jones, a cousin and close personal friend of Mrs. Miller, had spent the preceding night in the Miller home. Shortly after Mrs. Jones arose on the morning of the accident, she started to go into the bathroom in that home, but she *339 stumbled and fell as she went through the doorway leading from a bedroom into the bathroom. She sustained personal injuries as a result of that fall.
The residence building in which Mrs. Miller lived was purchased by her in 1941, shortly after her husband died, and she has lived there continuously since that time. Mrs. Miller has six children, and she raised all of them in that home.
There was only one bathroom in the Miller home. The door leading into the bathroom originally had been equipped with a doorknob, but the doorknob was missing when Mrs. Miller purchased the house in 1941, and that condition has remained unchanged since that time. There was no knob on the door when the above-mentioned accident occurred. The hinges on the door were to the left of Mrs. Jones as she entered the bathroom, and the door opened easily into the bathroom when she gave it a relatively slight push with her right hand. There was a hook on the inside of the door, which enabled a person in the bathroom to latch or lock the door from the inside so as to maintain privacy while in that room.
There also was a threshold under the door leading into the bathroom. The photographs in the record indicate that this threshold consisted of a board about three or four inches wide and a little less than one inch thick, which was attached to the floor and located directly under the door. Each side of this threshold had been bev-elled or shaped so that it was thinner on the edges than it was in the middle.
At some time prior to 1941, a part of the board which made up the threshold obviously had split or broken off, with the result that one end of the threshold board was a little narrower than the rest of it. There was less bevel on one side of the threshold at the place where a part of it had split off than there was in’the remainder of the threshold.
Mrs. Jones was 70 years of age when this accident occurred. She testified that as she started to enter the bathroom, she reached for the doorknob and discovered that it was missing. The door opened when she pushed on it, but she stated that she was leaning forward at that time and when she attempted to step into the bathroom her slipper caught on the threshold and that caused her to fall.
The bathroom door and the threshold under that door had remained in the condition above mentioned from the time the house was purchased by Mrs. Miller in 1941 until the accident occurred. There has been no knob on the bathroom door since 1941, and the condition of the threshold on the day of the accident was the same as it was when the house was bought. During that entire period of almost 28 years no one ever tripped, stumbled or slipped on that threshold. Neither Mrs. Miller nor Mrs. Jones had noticed anything unusual about the threshold prior to the accident, and the evidence indicates that Mrs. Miller’s children who had been raised in the house had never noticed anything dangerous or unusual about it.
The area where the fall occurred was well lighted and Mrs. Jones concedes that there was nothing which obstructed her vision or prevented her from seeing the threshold when the door opened. Mrs. Jones had visited Mrs. Miller in her home prior to this time, and she had spent the night there on at least a few occasions before this accident occurred. She stated, however, that she had never noticed the condition of the threshold in the door leading to the bathroom before that time. Mrs. Miller did not warn Mrs. Jones of the fact that the door handle was missing or that there was an irregularity in the threshold.
The owner or occupant of property owes a duty to an invitee to exercise reasonable care to keep the premises in a reasonably safe condition commensurate with the circumstances involved, and that includes the duty to discover reasonably discoverable conditions of the premises which foreseeably may constitute a hidden or *340 concealed danger, in the nature of a trap or pitfall, and either to correct that hidden or concealed dangerous condition or to warn the invitee of it. Foggin v. General Guarantee Insurance Company, 250 La. 347, 195 So.2d 636 (1967); Brown v. State Farm Fire and Casualty Company, 252 So.2d 909 (La.App.2nd Cir., 1971).
 The owner or occupant does not insure an invitee against the possibility of an accident. The invitee assumes all normally observable or ordinary risks incidental to the use of the premises. He cannot recover for an injury resulting from a danger which he observed, or which should have been observed by him in the exercise of reasonable care, or from a danger which the invitee should reasonably have appreciated before exposing himself to it, or from a danger which should have been as obvious to the invitee as to the invitor. Kuhn v. Oulliber, 225 So.2d 317 (La.App. 4th Cir., 1969). Chauvin v. Atlas Insurance Company, 166 So.2d 581 (La.App.4th Cir., 1964); Levert v. Travelers Indemnity Company, 140 So.2d 811 (La.App.3rd Cir., 1962).
In the instant suit we have concluded that the trial judge erred in finding that Mrs. Miller was negligent.
Plaintiffs contend that the above-described accident was caused by two hidden or concealed dangerous conditions in the Miller home, and that Mrs. Miller was negligent in having failed to warn Mrs. Jones of these conditions. One of these alleged traps or pitfalls was the lack of a doorknob on the bathroom door. Plaintiffs’ argument, as we understand it, is that Mrs. Jones intended to use the doorknob for support as she went through the door, and that Mrs. Miller’s failure to warn her that there was no knob on the door contributed to the accident. We find that argument to be without merit.
In our opinion the knob on a door is not designed to provide support for a person as he goes through the door. The door to which it is attached moves easily and the doorknob thus cannot provide a stable or fixed support. We are unwilling to speculate as to whether the presence of a knob on that door would have prevented Mrs. Jones’ fall, and we are unable to determine from the facts presented whether the lack of a knob on the bathroom door contributed in any way to the accident.
It would be of no help to plaintiffs if we should assume that the doorknob would have provided some support for a person going through the doorway. Mrs. Jones concedes that she noticed that there was no knob on the door before she attempted to enter the bathroom. She thus was as aware of that condition as was Mrs. Miller. The fact that the doorknob was missing was readily observable by Mrs. Jones or by anyone else. Under those circumstances, Mrs. Miller was not obliged to warn Mrs. Jones of the fact that there was no knob on that door, even if that circumstance could be considered as being dangerous.
The other condition which plaintiffs contend constituted a hidden or concealed danger on the premises was the above-described irregularity in the threshold of the bathroom door. We find that the slight irregularity which existed in that threshold was not dangerous, and that Mrs. Miller was under no duty to correct that condition or to warn Mrs. Jones of it. There is nothing unusual about a threshold across a door. We do not believe that the owner or occupant of a dwelling is required to bevel the edges of every threshold or to construct it so that it is impossible for a person to trip over it. If the doorway is lighted and the threshold is visible, as in this case, then the threshold cannot be considered as being a hidden or concealed danger, in the nature of a trap or pitfall, even if its edges are not bevelled at all and even if it is elevated above the floor higher than was the one involved in this case.
The threshold was plainly visible to Mrs. Jones when she started to go through the *341 door. Even though she may not have noticed that a part of it had been split or broken off, we think she failed to exercise ordinary care when she did not step over it, as a reasonably prudent person would do in crossing over any threshold. She had no right to assume that the edges of the threshold would be bevelled at all, and certainly she was negligent in assuming that the edges would be bevelled so perfectly that she could not trip as she went through the door. Mrs. Miller had the right to assume that Mrs. Jones, or anyone else who used that door, would- see the threshold as plainly as they might see the door facing, and would exercise ordinary care in walking across it.
We find no merit to plaintiffs’ argument that the irregularity in the threshold was not visible to Mrs. Jones since the bathroom door closed over the threshold and concealed it from her view. Assuming that Mrs. Jones could not determine that a .part of the threshold had been broken off while the door was closed, it is apparent from the evidence and photographs that she could see the threshold plainly when the door was opened immediately before she proceeded to enter the bathroom. We think her duty to exercise ordinary care required her to notice that there was a threshold at that door and to step over it or exercise the degree of care required in order to safely go through the door.
In Kuhn v. Oulliber, supra, plaintiff tripped over a barricade at least ten inches high which had been placed across a doorway in defendant’s home to keep a small dog from going through the door. The court rejected plaintiff’s claim for damages, holding that the defendant-host was relieved of the duty of warning his guest of the obstruction, since it was “so obvious and easily observable that a warning would not be necessary to a reasonably prudent person”.
In Vidrine v. Dupre, 204 So.2d 418 (La.App.3rd Cir., 1967), we held that “the presence of steps between different floor levels in store buildings is not negligence, unless they are so constructed or located that a reasonably prudent person would not see them”.
Our conclusion is that the minor defect in the threshold involved in the instant suit did not constitute a hidden or concealed danger, in the nature of a trap or pitfall, that Mrs. Miller was under no duty to correct that condition or to warn her invitee of it, and that Mrs. Miller thus is free from negligence.
Since we have determined that Mrs. Miller was free from negligence, it is unnecessary for us to consider defendant’s special plea that plaintiffs are barred from recovery by the contributory negligence of Mrs. Jones.
For the reasons assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant, rejecting plaintiffs’ demands and dismissing this suit at plaintiffs’ costs. The costs of this appeal are assessed to plaintiffs-appel-lees.
Reversed.