BOUTALL, Judge.
This is a suit for damages which arose from a slip and fall of plaintiff, Maggie. Marshall, while approaching the entrance to a Winn-Dixie food store. She sued both Winn-Dixie Louisiana, Inc. and Landmark Land Company, Inc. owner of the shopping center and Winn-Dixie’s lessor. The trial court found that only plaintiff was negligent and dismissed her suit. She appeals. We affirm.
Plaintiff contends that she was walking from the parking lot to a Winn Dixie store accompanied by two female friends. As they approached the sidewalk in front of the store entrance they began to ascend a cart ramp. At this point plaintiff slipped and fell in a forward direction, caused by stepping upon a shallot. At issue are the duty of care owed plaintiff, the presence of the shallot and the negligence of plaintiff.
The duty of care owed by Winn-Dixie is well set out in the case of Bolin v. National Tea Company, 359 So.2d 690 (La.App. 1st Cir. 1978). In discussing the duty owed by the shopkeeper, the court stated at page 691:
“. . the storekeeper, although not the insurer of the safety of his patrons, is required to exercise reasonable care to keep the aisles in his store in a safe condition, and must make a reasonable effort to keep the floor free of objects or substances which might cause someone to slip and fall. Once a customer has shown that there was a foreign substance on the floor which caused him to slip and fall and that he was injured as a result, a presumption that the storekeeper was *420 negligent arises. The storekeeper then has the burden of exculpating himself-from the presumption, which he can do by proving that he was reasonably prudent in his efforts to keep the floors in a reasonably safe condition and free from foreign objects and substances. Kavlich v. Kramer, 315 So.2d 282 (La.1975).
******
. .a storekeeper has the same duty to keep such areas in a reasonably safe condition, and he may not permit hazardous conditions of which he has actual or constructive notice, to exist. Miller v. Broadmoor Village, Inc., 321 So.2d 925 (La.App. 1st Cir. 1975); Lecompte v. State, Dept. of Pub. Saf., 343 So.2d 449 (La.App. 3rd Cir. 1977). On the other hand, the patron in such areas is charged with using reasonable care for his own safety, and must see and avoid obvious hazards. The patron in the display areas does not have this burden because his attention is attracted to the items displayed on the shelves of the store.”
The other defendant, Landmark Land Company, Inc. is the owner of the premises which Winn-Dixie leases, and is the owner- of the parking area and adjacent premises to Winn-Dixie. Pursuant to its lease with Winn-Dixie, it was to operate and maintain all the common areas of its tenants, including cleaning and sweeping. The jurisprudence has developed imposing a duty upon the landowner to the patrons to see that no hazard be permitted to exist on the premises which could reasonably be foreseen as dangerous to their safety. The landowner is required to exercise ordinary and reasonable care in the maintenance of the premises consistent with the purpose and use of the premises. However, landowners and storekeepers are not the insurers of the safety of their patrons. Meek v. Travelers Insurance Company, 188 So.2d 677 (La.App. 4th Cir. 1966); Locascio v. Lake Terrace Center, Inc., 293 So.2d 510 (La.App. 4th Cir. 1974); Martel v. Southern Farm Bureau Casualty Insurance Company, 368 So.2d 1192 (La.App. 3rd Cir. 1979).
Applying the facts to the law in this case, we note that as plaintiff and her friends were approaching the store they were laughing and talking together, and not paying any attention to where they were walking. Plaintiff did not see what caused her to slip, but after the fall it was noted that there was a- green shallot nearby and the presumption is that she slipped on that shallot. The slip was not reported at that time to the manager of Winn-Dixie, and it was not until some time later, after plaintiff had shopped that she reported the accident. Upon being shown the scene, the manager' testified that he saw no shallot in evidence. The trial judge resolved this issue by his finding that plaintiff did slip on a shallot that lay on the ramp, but that the shallot was green and fresh.
The defendants introduced evidence to show that they ' kept the sidewalks and ramps in a reasonably safe condition through adequate inspection and cleanup crews and the court found the following facts:
“Jacobs, the Winn-Dixie Store manager, testified that all employees were instructed to report and to clean up all spills; that each morning at 7:00 A.M., an employee washed and swept the sidewalk and ramps and continued to keep the store, sidewalks and ramps clean throughout the day. Additionally, he and the Assistant Store Manager inspected the store, sidewalks and ramps throughout the day.
“Bernard, the supervisor for the landlord testified that his crew cleaned the parking lot, sidewalks and ramps every morning at 6:00 A.M.; that the sidewalks and ramps were swept at 7:00 A.M.; that another crew reported at 4:00 P.M. every afternoon and continued the clean up of the sidewalks and ramps; that all reported spills were cleaned up immediately.”
The trial judge noted that the evidence satisfied him that both the store and the landlord maintained cleanup crews and cleaned and inspected with sufficient regularity to exculpate each from the presumption of negligence; that the shallot was green and fresh, the hour early, and the defendants had neither actual nor constructive notice of the shallot; that the shallot was upon an open unobstructed ramp in *421 good light and view and plaintiff should have reasonably and prudently observed the shallot before stepping and slipping on it. The evidence amply supports these conclusions, and we agree with the findings of the trial judge. It is apparent from the testimony of plaintiff and her companions that they were engaged in conversation, laughing and joking and not paying attention to their path. The shallot did not represent a hidden danger, but could easily have been observed by a reasonably and ordinarily prudent person who was observing his course. See Coquiile v. Expressway Bowling, Inc., 183 So.2d 347 (La.App. 4th Cir. 1966); Boubede v. Casualty Reciprocal Exchange, 209 So.2d 82 (La.App. 4th Cir. 1968).
For the above reasons, the judgment of the trial court is affirmed.
AFFIRMED.