189 So.2d 463 (1966)
Allen MILLER, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 1778.
Court of Appeal of Louisiana, Third Circuit.
August 3, 1966.
Rehearing Denied September 6, 1966.
Writ Refused October 21, 1966.
Plauché & Plauché, by A. Lane Plauché, Lake Charles, for defendant-appellant.
Nathan A. Cormie & Assoc., by Alvis J. Roche, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGÉ and SAVOY, JJ.
FRUGÉ, Judge.
This is a tort action brought by Allen Miller, individually and as administrator of the estate of his minor son, Michael Miller, to recover damages allegedly sustained as the result of a gate located on the property of defendant's insured falling on young Michael Miller. From an adverse judgment the defendant insurer has appealed.
*464 The material facts, as to which there is little dispute, are as follows: In 1962 Allen Miller purchased a house and a tract of land approximately one acre in area from his father, Ernest Miller. Said acre had been part of an eighty acre tract owned by the elder Miller. In the early part of 1963 and perhaps prior thereto, Ernest Miller had been raising cattle on the remaining 79 acres. In March of 1963, Ernest Miller, along with plaintiff and two other men, moved the cattle to other property owned by the elder Miller. To facilitate in loading the cattle, the men constructed a large, wooden gate approximately twelve feet long and five feet high. After the cattle were loaded, said gate, which was tied at one end to a wooden fence, was leaned against the fence. On July 5, 1963, said gate fell upon five-year-old Michael Miller, who had followed his father onto the property of his grandfather, and broke his leg. The evidence does not show exactly how the accident occurred, but it appears that the young Miller boy grabbed the gate as he was about to fall into a mud puddle and pulled the gate over on himself. Both Ernest Miller and Allen Miller knew that the younger Miller children occasionally passed by the gate, which was located near a barn just outside of the Allen Miller property. Suit was brought against Southern Farm Bureau Casualty Insurance Company, liability insurer of Ernest Miller, alleging that said insured had been negligent in allowing the gate to be leaned against the fence without being properly secured.
In the recent case of Goff v. Carlino, La.App 3 Cir., 181 So.2d 426 (writs refused), we stated:
"Negligence is conduct which creates an unreasonable risk of foreseeable harm to others. Brown v. Liberty Mutual Ins. Co., 234 La. 860, 101 So.2d 696; Fontana v. State Farm Mutual Auto. Ins. Co., La. App. 3 Cir., 173 So.2d 284; Larned v. Wallace, La.App. 3 Cir., 146 So.2d 434; Restatement of Torts Second (1965), Section 284. The risk of foreseeable harm to others is unreasonable so as to be negligence if the magnitude of the risk created outweighs the utility or social value of the conduct creating it; in this respect consideration is given, inter alia, to the probability or extent of the harm to others threatened by the risk. Restatement of Torts Second (1965), Sections 291-293. `As the extent of the chance of harm increases, the utility required to justify the risk increases proportionately,' Comment b, Restatement Section 293. (Italics ours.) See also Prosser on Torts, Section 31 (3d ed., 1964)."
See also Stanley v. Missouri Pacific Railroad Company, La.App. 3 Cir., 179 So. 2d 490.
It was probably within the realm of foreseeability that the gate involved herein would fall and cause injuries if pulled on or climbed upon. However, the question to be determined is whether the risk was unreasonable. Farming is, of course, an occupation of great social value. When we weigh the social utility of farming and the virtual impossibility of a farmer securing all machinery, implements, etc., in such a fashion that they will not cause injury if pulled on or climbed upon, against the relatively slight danger to children created in this case by the failure to affix the fence-gate rather than leaving it tied loosely, we are convinced that the farmer-insured is not liable herein since the risk of injury created was not unreasonable: the evidence shows that the danger of the gate falling, although foreseeable, was not obviously great; whereas the evidence further shows that, while Allen Miller's children sometimes played in the vicinity of the corral and the unsecured gate, they did not do so frequently and in fact were generally restricted by their parents from playing in that area.
For the above reasons, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant, Southern Farm Bureau Casualty Insurance *465 Company, against plaintiff, rejecting plaintiff's demand at his cost. The costs of this appeal are assessed to plaintiff-appellee.
Reversed and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.