CHASEZ, Judge.
This suit arises from an accident which occurred on January 21, 1967 at the home of plaintiff-appellant, Michael Palmisano.
The facts indicate that on the night of the 21st at about 10:15 P.M. the defendant-appellee, Edward Salez, Jr. arrived at the home of appellant. Upon entering Pal-misano’s home, Salez advised him that something seemed to be wrong with the transmission in his (Salez’s) car and he asked Palmisano if he would take a look at it. Palmisano said that he would, whereupon Salez repaired to the garage and jacked the car up on its bumper jack. He then called plaintiff to come out and inspect the car.
Palmisano placed himself under the car which was held up only by the bumper jack and he then directed Salez to get into the car and shift the gears in order to better ascertain what the trouble might be.
After four to five minutes of this activity which caused the car to move, the car suddenly fell off the jack, injuring Palmisano.
Palmisano brought suit against Salez and his insurer, State Farm Mutual Insurance Company (State Farm herein) for injuries sustained as a result of the accident. Palmisano also joined his own insurer, who was also State Farm Mutual Insurance Company, under the uninsured motorist provisions of his policy. It was stipulated between the parties that, in the event of recovery, the judgment in favor of plaintiff should be for the sum of $5,000.00.
The trial court, without written reasons, rendered judgment in favor of the defend *747 ants, Edward Salez, Jr. and State Farm Mutual Insurance Company, and against plaintiff, Michael Palmisano, dismissing his suit; from this judgment plaintiff has appealed.
There has been no argument to this court either orally or in writing concerning plaintiffs suit against his own insurer under the uninsured motorist provisions of his policy and this argument will, therefore, be considered as abandoned.
Plaintiff contends that since he was requested to take a look at the transmission by Salez he should legally be considered an invitee and entited to the standard of care accorded to invitees. He urges that Salez breached that standard of care because he knew that the bumper jack was defective and he failed to warn plaintiff.
The record discloses that approximately three months prior to this accident the same jack had failed when the defendant, Salez, was attempting to change a flat tire. Defendant testified that on that occasion the car did not ride off the jack, either forward or backward, but gave way and the car fell straight down. This was corroborated to some extent by the testimony of his wife who was present. However, she stated that Salez warned her to “watch out”, that the jack “looks like it’s about to fall,” which would be more consistent with the idea that the car rode off the jack rather than that the car suddenly fell without warning.
The evidence indicates that in the present case the car may have fallen straight down rather than riding off the jack.
Plaintiff has the burden of proving all essential elements of his case. His major burden in this case was to prove by a preponderance of evidence that the jack was defective. There was no expert testimony to the effect that the jack was obviously defective. Our own examination of the jack does not convince us that it was obviously defective. The testimony of the witness does not clearly show that the jack was in fact defective. We cannot, therefore, say that the trial court committed manifest error in not holding that the jack was defective.
However, even though the defendant, Salez, may have been negligent in failing to warn the plaintiff that the bumper jack had failed on a prior occasion, this is of no avail to the plaintiff.
Assuming a position most favorable to plaintiff, that of an invitee, he still cannot recover in this case.
The invitee assumes the ordinary and obvious risk involved in the use of the property and may not recover for injuries which could have been avoided by the exercise of reasonable care. Kuhn v. Oulliber, La.App., 225 So.2d 317 (4th Cir. 1969); Nurdin v. Connecticut Fire Insurance Company, La.App., 211 So.2d 688 (4th Cir. 1968).
It is also well settled in our jurisprudence that a host has no duty to warn his invitee of a potentially dangerous condition which is obvious to any reasonably prudent person. Kuhn v. Oulliber, supra; Coquille v. Expressway Bowling, Inc., La. App., 183 So.2d 347 (4th Cir. 1966).
It is this court’s opinion that when Palmisano crawled beneath the car held up by only a bumper jack without checking to see if the emergency brake was engaged and without checking to see if the wheels were chocked and without shaking the car to see if it was steady, he assumed the very risk that resulted in his injury. An automobile held up only by a bumper jack is an obvious hazard.
Further, the record discloses that after Palmisano was under the automobile he compounded the risk by directing the defendant to get into the automobile and shift the gears which activity guaranteed movement of the automobile on the jack and enhanced the already present possibility of the automobile falling off the jack.
*748 Palmisano’s actions in crawling beneath the car and directing the defendant to get into the car and shift gears amounted to contributory negligence which also serves as a bar to his recovery.
For the foregoing reasons the judgment of the court a quo in favor of defendants, Edward Salez, Jr. and State Farm Mutual Insurance Company, and against plaintiff, Michael Palmisano, dismissing his suit at his costs is affirmed. Appellant to pay costs of this appeal.
Affirmed.