CHASEZ, Judge.
This case is a tort action instituted by Mrs. Renee Levy Raines and her husband Marvin Raines against Travellers (sic) [Travelers] Insurance Company, insurer of Maison Blanche.
The suit stems from a fall which Mrs. Raines received while shopping in Maison Blanche, a department store located in downtown New Orleans. Mrs. Raines alleges that as she went around a counter she fell over some portable stairs located adjacent to that counter and that her fall was caused by the defendant’s negligence in having so positioned the stairs without warning customers of their whereabouts.
Plaintiff seeks recovery for injuries allegedly sustained from the fall and her husband sued to recover lost wages, doctor, *661 medical and drug bills incurred by him as head and master of the community.
Defendant denies negligence by Maison Blanche and in the alternative claims that plaintiff was contributorily negligent.
After trial on the merits, judgment was rendered by the district court in favor of the plaintiff, Mrs. Raines, for $2,800.00 and in favor of Marvin Raines for $376.65. From this judgment the defendant insurance company has appealed.
On March 9, 1968 Mrs. Raines accompanied by her 15 year old daughter went to Maison Blanche to obtain an outfit for the latter. Plaintiff went to the second floor and was looking at the merchandise when she saw a counter containing bathing suits on sale. Reaching the counter she proceeded along its side looking at the articles displayed. At the end of the counter she proceeded to go around to the other side without looking and she turned and fell over three portable steps placed at the end of and adjacent to the counter. Mrs. Raines contends that her attention was directed to the merchandise on display and therefore she never saw the steps in question. The steps were placed there in the morning before the store opened and were for a style show to be given that afternoon. The stairs were for use by models to ascend to the counter. As such, they are heavy and cannot be carried by one man.
The law is well settled that an owner of a business establishment is not the insurer of his visitors, but he must keep the floors and passageways in a reasonably safe condition for use in a manner consistent with the purposes of the premises. An invitee, in order to recover must prove a breach of the duty of the owner to use reasonable care. Dever v. George Theriot’s, Inc., 159 So.2d 602 (La.App., 3rd Cir. 1964); Levine v. Hartford Accident & Indemnity Company, 149 So.2d 433 (La.App., 3rd Cir. 1963).
We do not feel that Maison Blanche has breached their duty of reasonable care to the plaintiff, a fortiori, they are not guilty of negligence.
In Lejeune v. Hartford Accident and Indemnity Co., 136 So.2d 157, at 159 (La.App., 3rd Cir. 1961) the facts were very similar to those of the present case. In that case a woman rounded a counter, her attention directed to a display of costume jewelry and fell over a chair placed next to the counter. In denying recovery our brethren of the third circuit held that an “extraneous instrumentality or other object causing the accident must be inherently or potentially dangerous.”
We are of the opinion that the stairs in question here are not inherently of potentially dangerous objects. The stairs were located in a passageway, which while used by customers is not considered an aisle. They extended approximately 31 inches away from the counter and were about 25 inches high. The third, or upper, step is also approximately 8 inches lower than the counter they were next to. The steps were part of the display and necessary for the fashion show.
Plaintiff cites and contends that Provost v. Great Atlantic & Pacific Tea Company, 154 So.2d 597, 600 (La.App., 3rd Cir. 1963) is controlling on the issue. In that case the plaintiff fell over some boxes placed in an aisleway next to a display stand. The boxes were roughly 30 inches high but the display stand was nearly four feet high. We feel that this case is not controlling and is distinguishable. In the Provost case the aisle was very narrow; quoting from the lower court it was held:
“ ‘Another significant fact is that the aisle in which Mrs. Provost was standing was so narrow that she could not see any distance ahead when she turned around to go across the aisle to the frozen foods.’ ”
In the present case the plaintiff was going around an aisle counter. There was *662 no proof offered of a narrow aisle or that plaintiff could not have seen “any distance ahead.”
Even if we were to conclude that there was negligence by Maison Blanche we are hard pressed to hold that Mrs. Raines was not contributorily negligent. Plaintiff contends that the merchandise display held her attention and therefore she was under a lesser duty to see where she was going, as storekeepers intend that their customers devote must of their attention to merchandise being displayed. We agree in part, but the requirement of prudence and the responsibility to exercise reasonable care applies to the customer using the premises as well as to the owner of the store. Berglund v. F. W. Woolworth Company, 236 So.2d 266 (La.App., 4th Cir. 1970).
The distraction of merchandise must be readily apparent before there can be a lessening of a customer’s duty to exercise reasonable care. Knight v. Travelers Ins. Co., 32 So.2d 508 (La.App., 1st Cir. 1947).
An invitee assumes the obvious, normal or ordinary risks attendant with the use of the premises and owners are not liable for injuries which result from a danger that is observable in the exercise of reasonable care. Coquille v. Expressway Bowling, Inc., 183 So.2d 347 (La.App., 4th Cir. 1966); writs refused, 249 La. 112, 185 So.2d 220 (1966).
Each case must be decided on its own facts and we feel that in the instant case plaintiff was guilty of contributory negligence in not even bothering to look where she was going. The stairs in comparison to the counter were quite large and are easily noticed by one exercising reasonable care.
An invitee or business visitor is admonished to walk with his eyes open, to observe the course which he is pursuing and to actually see and take cognizance of what is readily apparent. Meek v. Travelers Insurance Company, 188 So.2d 677 (La.App., 4th Cir. 1966); Kuhn v. Oulliber, 225 So.2d 317 (La.App., 4th Cir. 1969).
We feel that the trial Judge was in manifest error in holding Maison Blanche negligent and requiring guards to be stationed at the stairs. To do so would require the department store to be insurers of its customers where clearly the law does not require such a duty.
Accordingly, the judgment appealed from is reversed and judgment is now rendered in favor of the defendant-appellant, Travelers Insurance Company, dismissing plaintiffs’ suit at their cost.
Reversed.