HOOD, Judge.
Mr. and Mrs. Bertrand Leger claim damages for personal injuries sustained by Mrs. Leger when she fell on or near premises owned by R. J. Vidrine. The defendants are General Accident Fire & Life Assurance Corporation, Ltd., the liability insurer of Vidrine, and Central Louisiana Electric Company. Judgment was rendered by the trial court in favor of defendants, and plaintiffs have appealed.
An important factual issue presented is whether Mrs. Leger fell while she was on the insured premises, or whether the fall occurred after she had reached the public street in front of those premises.
Several persons, including Mrs. Leger, went to the Vidrine home, in Ville Platte, on the evening of August 20, 1970, to play cards. Mrs. Leger arrived about 6:30 P.M., while it was still light, and she parked her *761 car on the street, near the curb, in front of the Vidrine residence. The visitors left about 11:00 P.M., and Mrs. Leger proceeded to walk from the front door of the house, across the'lawn, to her parked car. She fell at or about the time she reached her car, and as a result of that fall she sustained a fractured hip.
A water meter had been installed by the defendant electric company on the lawn in front of the Vidrine home, about five or six feet from the curb. The meter box was covered with a metal top, and it had been constructed so that the top or cover was about three inches below the surface of the ground, in order that it would not interfere with the operation of lawnmowers.
Tt had rained that day, and the ground and street were wet. There was a concrete walk leading from the front door of the Vidrine home to a concrete driveway, and the driveway extended to the street. Ordinarily visitors used the walk and the driveway in walking from the house to automobiles parked in the street. On the evening when this accident occurred, all of the visitors except Mrs. Leger and Mrs. Ronald McCauley stayed on the walk and the driveway in walking from the house to their cars. It was dark when Mrs. Leger left the house, and the lawn of the Vidrine home was not lighted.
Plaintiffs contend that the hole in the lawn at the location of the water meter constituted a danger, and that the electric company and Vidrine were negligent in failing to keep the front lawn of the Vid-rine home in a safe condition for invitees, in failing to warn plaintiff of the danger, and in failing to keep the area properly lighted at night.
Mrs. Leger testified that she stepped in the hole where the water meter was located and fell on her left side on the lawn. She stated that she then rolled on her right side, since her fractured hip rendered her left leg useless, and she managed to slide her body along the ground by pushing or shoving with her right leg until she reached the front bumper of her car. She said that she then attempted to raise herself by the bumper, but was unable to do so, and that she thereupon decided to remain lying in the street in front of her parked car until someone saw her. Others who were leaving the house came to her assistance immediately.
Three other guests walked out of the Vidrine home about the time Mrs. Leger left it. One of them, Mrs. McCauley, testified that she saw Mrs. Leger “as she fell into the street.” She stated that Mrs. Leger was standing upright “in the yard near the front end of her car” just before she fell, that she fell “completely on the pavement,” and that she and other friends went to her immediately. Mrs. McCauley also testified that she walked across the lawn with Mrs. Leger to a point where there is an “incline” in the lawn, and that they separated when they reached that incline. The evidence shows that the lawn was several inches higher than the street, and that there was a decided slope from the level of the lawn down to the street. Mrs. McCauley obviously referred to the top of this slope as the “incline.” The slope or incline is between the water meter and the curb, so the testimony of this witness indicates that Mrs. Leger had already passed the location of the water meter before she fell.
Two other guests were in the immediate vicinity when the fall occurred. One testified that she saw Mrs. Leger “falling into the street,” and that she was between the Leger car and another parked car when she fell. The other guest did not see her fall, but went to her immediately and found her lying “on the street.”
The trial judge concluded that plaintiff had failed to show that Mrs. Leger fell as a result of stepping into a hole or depression at the site of the water meter on the Vidrine lawn. We cannot say that the trial judge erred in reaching that conclusion. We conclude, therefore, that the manner in which the water meter was con *762 structed or maintained had nothing to do with this accident.
Plaintiffs argue alternatively that Mrs. Leger fell as she was walking down the above mentioned slope from the lawn to the curb. They contend that the slope in the lawn, running along a line parallel to and within two or three feet of the curb, constituted a danger to invitees, and that the insured, Vidrine, was negligent in failing to provide adequate lighting in this front lawn or in failing to warn plaintiff of that danger.
The evidence indicates that there was nothing unusual or dangerous about this part of the lawn. It also appears that Mrs. Leger had been to the Vidrine home many times, and that she was thoroughly familiar with the front lawn and with that particular slope. She, in fact, had walked across the lawn earlier that evening, before it got dark. She nevertheless voluntarily chose to walk across the lawn later that night instead of using the walk or the driveway.
 The law is settled that the owner or occupant is not the insurer of the safety of his invitees and therefore is not obliged to protect him against the possibility of accident but rather owes the duty of exercising ordinary and reasonable care for the safety of the invitee commensurate with the nature of the premises, the use envisioned by the invitation to enter and the particular circumstances involved. A host is not liable for an injury to an invitee resulting from an obvious danger or peril which should have been observed by the invitee in the exercise of reasonable care, or from a condition which was as well known or as obvious to the invitee as to the invitor. Kennedy v. Columbia Casualty Co., 174 So.2d 869 (La.App. 1 Cir. 1965); Taylor v. National Indemnity Co., 215 So.2d 203 (La.App. 3 Cir. 1968).
Our conclusion is that the evidence fails to establish any negligence on the part of Vidrine or Central Louisiana Electric Company. We thus find no error in the judgment of the trial court rejecting plaintiffs demands.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.