281 So.2d 860 (1973)
James GARNER, As Administrator of the Estate of his minor son, Michael Shane Garner
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY.
No. 9424.
Court of Appeal of Louisiana, First Circuit.
June 29, 1973.
Rehearing Denied August 23, 1973.
*861 Robert J. Vandaworker, Baton Rouge, for appellant.
J. R. Schmidt, Hammond, for appellee.
Before SARTAIN, BLANCHE and WATSON, JJ.
WATSON, Judge ad hoc.
The defendant, Louisiana Farm Bureau Mutual Insurance Company, appeals from a judgment in favor of plaintiff, James Garner, as administrator of the estate of his minor son, Michael Shane Garner, for general damages in the amount of $5,000.00 plus special damages for medical treatment. The trial court granted the judgment for damages resulting from an injury to the eye of the Garner child, who was almost six years old at the time of the accident. The damages were alleged to have resulted from the negligence of the child's grandfather, Edwin Hoover, who was the defendant's insured under a homeowner's policy.
The facts of the accident are relatively simple. On June 16, 1971, the child, Michael Garner, along with his mother and three siblings, were visiting at the home of the maternal grandparents, Mr. and Mrs. Edwin Hoover, located near Robert in Tangipahoa Parish, Louisiana. The occasion was a fish fry and there were several other persons present. The Hoovers' brick home had only two entrances, one a sliding glass door in front and the other a standard door opening into a utility room on the back. Although there is some dispute on the point, we are convinced that the grandfather, Edwin Hoover, had instructed the children to use the door through the utility room for entering and leaving the house. Also, a bathroom was located in the utility room and the children were also instructed to use that facility.
At about dusk, Michael Garner entered the utility room, closed the door behind him, and in attempting either to reach a light switch on the opposite wall or to open the door on the opposite wall, he struck his eye on the corner of a dresser-like piece of furniture located in the utility room. He immediately reported the injury to his mother who was inside the house. The grandfather was still outside the house at the time. The young boy was taken to Covington, examined there by physicians and then sent to Ochsner Clinic in New *862 Orleans where he was treated and remained for a period of about one week. There is no question that he sustained a serious injury to the eye although he has not lost his sight in that eye.
Plaintiff alleges in his petition, as a basis for his claim for damages, that the grandfather
"negligently breached his lawful duty to exercise reasonable or ordinary care for the safety of his social guest and invitee, Michael Shane Garner, said breach of duty consisting of the failure of Mr. Hoover to have the electric lights in the utility room turned on for the safety of Michael Shane Garner whom Mr. Edwin Hoover knew or reasonably should have known or anticipated would be honoring Mr. Hoover's request to gain entrance to the Hoover residence through the utility room entrance." (TR. 8).
The trial court, in written reasons for judgment, found negligence on the part of Edwin Hoover, although the trial court does not specify the particular act or omission which constituted the negligence, concluding only that
"... Hoover was negligent in that he did not exercise the reasonable and ordinary care owing to Michael Garner in relation to and commensurate with the particular circumstances of this case." (TR. 34).
Michael Garner was a social guest at the home of his grandparents and as such was an invitee under the law. Taylor v. National Indemnity Company, 215 So.2d 203 (La.App. 3 Cir. 1968). The jurisprudence has established that the owner is not the insurer of an invitee but owes to him the duty of reasonable and ordinary care. Taylor v. National Indemnity Company, Id. The question before this court then becomes: did the grandfather exercise reasonable and ordinary care for the safety of Michael Garner? Our conclusion is that he did.
Neither plaintiff nor the trial court was able to single out any particular act of negligence on the part of the grandfather, although plaintiff in his petition alleges the failure to turn on the light.
"Actionable negligence results from the creation or maintenance of an unreasonable risk of harm to others." Smolinski v. Taulli, La., 276 So.2d 286, 288 (1973). Stated in its simplest terms, our conclusion from the record is that the grandfather created and maintained no unreasonable risk of harm to his grandchild. As we view the situation the risk was no greater and no more unreasonable than that which might be encountered many times in any other average residence in our society. The record is not elaborate as to the exact arrangement and condition of the utility room at the time of the accident, but plaintiff has certainly failed to prove a condition creating or maintaining an unreasonable risk. There is nothing in the Hoover utility room which created an out-of-the-ordinary, unusual, peculiar or unique condition which would present a hazard, even for a five or six year old child.
We have been cited to no statutory or jurisprudential authority for the proposition that the owner of premises must make certain that lights are turned on in all portions of the house to be used by invitees, even small children. There is evidence in the record that in the utility room there were two lights and two light switches, one located by each door, although the testimony of some of the witnesses was to the effect that they knew of only one light switch. There was also a window, apparently of small size. The mother of the child testified that the light switches were low and her testimony, along with that of the grandfather, leads us to believe that the lights could have been easily turned on by the injured child or by any other person desiring to do so.
We do not mean to imply that we find contributory negligence on the part of the injured child. As a matter of law, we *863 hold that a six year old child is not capable of contributory negligence. Pea v. Smith, 224 So.2d 37 (La.App. 1 Cir. 1969); Cheramie v. Great American Insurance Company, 198 So.2d 726 (La.App. 1 Cir. 1967).
However, we do find that the owner of the premises had taken reasonable and ordinary care to protect invitees by placing lights with light switches in a room of the house which contained no particular hazardous or dangerous features. Certainly it can not be maintained that the mere placement of a dresser or other customary pieces of furniture in a utility room constitutes the establishment of a hazard.
Therefore, we find no negligence on the part of the grandfather, the defendant's insured, and we find that the trial court erred in granting judgment for plaintiff. It is ordered, adjudged and decreed that plaintiff's suit be dismissed.
Costs are taxed against plaintiff-appellee.
Reversed.