FRUGÉ, Judge.
Plaintiff-appellant, Cecile Currington, appeals the judgment of the lower court dismissing her demand for damages for personal injuries. The injury-producing accident occurred on premises owned by Mr. Ike Robertson, insured of defendant-appellee, Great American Insurance Company. We affirm.
The facts giving rise to the instant litigation are virtually undisputed; they follow : Mrs. Robertson’s advanced age required that she be assisted in performing various tasks. Plaintiff had been employed in the Robertson abode as a housekeeper and domestic nurse for approximately five months prior to her hapless accident which occurred on June 9,1972.
Mrs. Robertson’s inability to walk without the assistance of a metal four-legged “walker” prompted modification of the back steps of the Robertson’s house. The steps were made of concrete but were not wide enough to safely accommodate Mrs. Robertson’s “walker”. A wooden extension was constructed and located contiguously to the bottom step in order to facilitate the use of the metal “walker” by Mrs. Robertson. The wooden extension conformed to the bottom concrete step in height and width, rested on the concrete at ground level, ran parallel to the concrete steps and "was secured juxtapositionally to the concrete step by wooden “runners” which were immediately against the concrete step. The “runners” were not nailed or bolted to the concrete steps.
The modified concrete steps had been in use for several years; with the exception of the instant misfortune, the Robertsons experienced no difficulties with the steps in question.
Due to her physical infirmity, it was necessary that Mrs. Robertson bathe herself in a shower bath while seated on a ladder-back type chair. As part of her duties, plaintiff customarily aided Mrs. Robertson with her nightly bath. Once the bathing was accomplished, plaintiff would remove the wet towels and the ladder-back chair outdoors in order to facilitate drying.
At approximately 10:00 p. m. on the day of the accident, plaintiff assisted Mrs. Robertson with her shower bath. After the bath plaintiff placed the wet towels on the bottom of the ladder-back chair which had been used in the shower, lifted the chair with her left hand and proceeded to depart the house via the back door. Arriving at the back door, plaintiff switched on the outside light, opened the back door with her right hand, and proceeded to negotiate the back steps. As she walked down from the top concrete step onto the bottom concrete step, (containing the *152 wooden extension) her left foot landed upon a snail or slug. Plaintiff’s weight crushed the small creature; she lost her footing momentarily and slipped on the bottom concrete step. The slippage caused plaintiff to fall onto the concrete steps in a sitting posture thereby causing injury.
Plaintiff alleges in brief: (1) the wooden extension was in a rotten ruinous condition, and (2) “but for the wooden extension giving away, plaintiff would not have received the injuries which she sustained”.
Contending the trial court committed manifest error, plaintiff cites the following specification of errors:
“(1) The trial court failed to find that the step was unsafe and that liability without fault was imposed upon the owner under Article 2322 of the Louisiana Civil Code.
“(2) The trial court failed to find that the status of Mrs. Currington was that of an invitee entitled to a reasonable and ordinary duty of care, including reasonable activity to discover and correct or warn of a dangerous condition upon the premises.”
For the purpose of determining the duty of care owed by an owner to those upon his premises, our jurisprudence has grafted onto the articles of our Civil Code, the common law classifications of trespassers, licensees, and invitees. In brief defendant concedes that plaintiff had acquired the status of an invitee.
The invitee comes on the premises with an invitation and for the purpose of rendering some potential service or benefit for the occupier; and to him the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger. Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967). The invitee assumes the ordinary and obvious risk involved in the use of the property and may not recover for injuries which could have been avoided by the exercise of reasonable care. Palmisano v. State Farm Mutual Insurance Company, 233 So.2d 745 (La.App. 4th Cir., 1970). An invitee or business visitor is admonished to walk with his eyes open, to observe the course which he is pursuing and to actually see and take cognizance of what is readily apparent. Raines v. Travelers Insurance Company, 254 So.2d 659 (La.App. 4th Cir., 1971).
After observing and hearing the testimony of the witnesses and reviewing the law applicable, the trial judge held:
“My conclusion is that the step was not unsafe, and that it was not the cause of this fall. The cause of the fall was slipping on the snail, for which defendant is not responsible, and if the wooden extension had not been there it seems that Mrs. Currington would still have fallen. Her foot would have slipped off the concrete step and down to ground level.
“The evidence proved that this wooden extension was used every day, and has been used by the Robertsons, their employees, guests, neighbors and family for the past several years. Mrs. Currington used it every day for about five months, and it was still being used at the time of the trial in its same condition and without any repair. It is still solid and strong enough to serve the purpose for which it was intended. If Mrs. Curring-ton had stepped on this extension and it had given way because of decay and caused her to fall, then she would be able to recover. This does not appear to be the case . . .
“Since we have concluded the wooden extension was not the cause of plaintiff’s fall, and that no negligence was proved or should be presumed with regard to maintenance of the premises, judgment must be rendered in favor of defendant and dismissing the suit of plaintiffs.”
*153 We note that there is a serious dispute as to whether or not the wooden extension was ever dislodged from its designated position. Additionally, there is no evidence in the record tending to indicate that the wooden extension was weak or unstable; a contrario, the trial judge specifically found it to be “strong and solid”.
It is the conclusion of this court that plaintiff did not sustain the burden of establishing her claim; this was the opinion of the trial court and we find no manifest error in that finding.
For the reasons assigned, the judgment, appealed from is affirmed at plaintiff’s costs.
Affirmed.