319 So.2d 803 (1975)
Dudley E. MILLET
v.
ALLSTATE INSURANCE CO.
No. 10402.
Court of Appeal of Louisiana, First Circuit.
September 18, 1975.
*804 James J. Zito, Baton Rouge, for appellant.
John W. Wilson and James F. Abadie, Baton Rouge, for appellee.
Before LANDRY and BLANCHE, JJ., and BAILES, J. Pro Tem.
BAILES, Judge Pro Tem.
In this suit plaintiff seeks to recover damages for physical injuries he received while a social guest at the home of his brother-in-law, Jerry M. Pratt, the husband of plaintiff's sister. The defendant is All-state Insurance Company, the insurer under a homeowners policy issued to Pratt. The trial court denied recovery to plaintiff and he perfected this devolutive appeal. We affirm.
On May 18, 1973, the date of his injury, the petitioner arrived at the Pratt residence about 6:30 P.M., for a fish fry with his family and others. Shortly after his arrival, he sent his 10 year old daughter to obtain the keys from Mr. Pratt to a Honda 70 "mini-bike" owned by the latter so that he could ride his daughter on the bike in the back yard which was about 250 feet deep by 150 feet wide.
The record indicates that shortly the daughter returned with the keys. As the kick starter pedal was missing from the bike Millet had to push it off to start the engine. He did this by making a circle approximately half way between Pratt's patio and the rear of the property. He then allowed his daughter to get on the bike behind him and they rode towards the rear of the back yard. As that yard is faced to the rear, there is a garden in the left corner measuring some forty feet by forty feet. Two or three weeks prior to the day in question, Pratt had dug a drainage ditch from the corner of the garden closest to the house for some thirty feet diagonally toward the center and rear of the lot. The ditch was approximately a foot wide and about six inches deep. The grass over the back yard was probably six inches high.
As Millet reached that part of the property near that ditch, the bike suddenly hit something and overturned. In the fall, petitioner's left leg was broken. It was day-light at the time of the accident.
The gravamen of the plaintiff's case is that the ditch was a hazardous condition created by Pratt of which Millet should have been warned and that when Pratt neglected to do so, it amounted to a failure to exercise reasonable and ordinary care for the safety of social guests and was, therefore, actionable negligence.
In written reasons for judgment, the trial judge found no direct evidence that the ditch caused Millet to overturn, but rather concluded that the facts were strongly suggestive that such was the case.
*805 He further concluded that even assuming, arguendo, that the presence of the ditch was causally connected to the accident, that the landowner breached no duty to the plaintiff by failing to warn him of its presence.
Initially, we note that by answer to this appeal, Allstate again asserts Exclusion 1(2)(2) in its policy of insurance which excludes coverage for bodily injuries arising out of the ownership, maintenance, operation or use of, among other things, a motor vehicle owned by the insured. We do not reach a decision on that question here, however, in view of the disposition of this matter on the merits.
Without concluding that the ditch caused the accident, we find that the evidence preponderates to the effect that Millet hit the ditch just prior to the accident. Neither the plaintiff nor his daughter are able to say with any degree of certainty why they fell. Millet testified that all he knew was that he struck something just before the spill. However, Carol Millet did state that she stepped in the ditch as she went to get her mother and Pratt stated positively that the bike was on the other side of the ditch and within one foot of it when he arrived moments after the fall.
The mere occurrence of an accident on the premises of Pratt does not give rise to a presumption of negligence on his part by failing to warn the plaintiff of the presence of the shallow ditch. The record attests to the fact that the plaintiff was an experienced bike rider. The host homeowner owed to plaintiff the duty to exercise reasonable and ordinary care for the safety of plaintiff commensurate with the particular circumstances involved. There is no showing that this small ditch was a hidden or concealed peril to plaintiff. The homeowner is not the insurer of his guests or invitees while on his premises. See: Foster v. Allstate Ins. Co., 277 So.2d 478 (La.App. 4th Cir. 1973) and Garner v. La. Farm Bureau Mutual Insurance Co., 281 So.2d 860 (La.App. 1st Cir. 1973).
In Currington v. Great American Insurance Company, 281 So.2d 150 (La.App. 3rd Cir. 1973), the jurisprudence of this state concerning the duties owed an invitee are summarized in these terms:
"The invitee comes on the premises with an invitation and for the purpose of rendering some potential service or benefit for the occupier; and to him the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and corrections thereof or a warning to the invitee of the danger. Foggin v. General Guaranty Insurance Company, 250 La. 347, 195 So.2d 636 (1967). The invitee assumes the ordinary and obvious risk involved in the use of the property and may not recover for his injuries which could have been avoided by the exercise of reasonable care. Palmisano v. State Farm Mutual Insurance Company, 233 So.2d 745 (La. App. 4th Cir., 1970). An invitee or business visitor is admonished to walk with his eyes open to observe the course which he is pursuing and to actually see and take cognizance of what is readily apparent. Raines v. Travellers Insurance Company, 254 So.2d 659 (La.App. 4th Cir. 1971)."
The precise cause of this unfortunate accident is not known. We conclude, however, as did the trial judge, that Pratt's lack of warning to Millet of the presence of the ditch was not a failure to exercise reasonable care in protecting the invitee, as it did not present a reasonably foreseeable danger to the appellant. A shallow ditch measuring approximately one foot in width by six inches deep ordinarily does not present a danger to any person using the premises. The plaintiff here was 34 years old at the time of the accident, had been riding motorcycles since he was fifteen years old, and had extensive "off the road" riding experience. We are not persuaded that a ditch of the width and depth previously *806 described presented any foreseeable danger to a rider such as this plaintiff.
For the foregoing reasons, the judgment appealed is affirmed, at plaintiff-appellant's cost.
Affirmed.