PRICE, Judge.
The liability insurer of a homeowner appeals from the judgment awarding plaintiff, individually and as tutrix of her five-year-old son, $25,000 for injuries sustained by the child in a fall in the back yard of the insured’s premises.
Mr. and Mrs. Paul C. Mitchell, Jr., live in the residence at 222 W. 70th Street in Shreveport and are insured by Central Mutual Insurance Company.
On the date of the accident, October 2, 1975, the Mitchells were entertaining several members of their family. Among the guests were Mrs. Linda Cook and her five-year-old son, John E. Hancock, Jr.
Soon after arriving at the Mitchell home about 7:30 p. m., John went into the back yard to play with several dogs kept by the Mitchells. Darkness was approaching, and a floodlight had been turned on at the rear of the house. The child suddenly began screaming and was found lying on his back in a grassy area of the yard with his left leg twisted underneath him. He was taken to a hospital and found to have a spiral fracture of the upper shaft of the left femur.
Plaintiff contends the injury was caused by the child’s foot being caught in a hole as *1014 he was running with the three dogs. Plaintiff further contends the insureds were negligent in permitting the child to play in the back yard without warning him or his mother of the presence of holes dug by the dogs. The holes were partially concealed by the San Augustine grass sod. Plaintiff contends the Mitchells knew of the presence of the holes and had reason to believe the child would run in the yard and play with the dogs as he had done on other occasions while he was visiting their residence.
There are two issues on which liability hinges: 1) Did the plaintiff sustain the burden of proving the cause of the injury was the child stepping in the hole? 2) Did the Mitchells violate a duty owed to the child which would place them at fault and their insurer liable for the injuries?
Although the trial judge did not give reasons for judgment, he found the evidence sufficient to resolve both of these issues for plaintiff.
No one saw the child fall. However, the circumstances shown by the evidence lead to a reasonable conclusion that he did step in a hole about five inches long, three inches wide, and three to four inches deep which caught his left foot and suddenly stopped his momentum. The orthopedic physician who treated John testified this was consistent with the tortion-type force which would have been required to cause the unusual fracture which resulted.
We have no difficulty finding sufficient evidence to establish that the injury was more probably than not caused by the child stepping into a shallow hole.
The trial court has erred, however, in concluding as a matter of law that the Mitchells were negligent. The duty owed by a home owner or occupant to a social gu,est is to protect against an unreasonable risk of foreseeable harm. Taylor v. National Indemnity Co., 215 So.2d 203 (La.App. 3rd Cir. 1968). As a general rule, there must be some inherently dangerous condition on the premises which the owner should have been aware of that could fore-seéably cause harm to an unsuspecting guest. The condition should be one that would not ordinarily be expected.
There is nothing unusual about the maintenance of dogs in an enclosed rear yard of residential premises. It is reasonable to expect that a yard where dogs are kept will have holes or depressions.
The risk of serious harm to a child playing in the yard under the conditions at the Mitchell home is not so great that it would justify a finding of negligence on the part of the homeowner or occupier for failure to give a warning.
The judgment is reversed, and the demands of plaintiff are rejected. All costs including this appeal are assessed to plaintiff.