GARRISON, Judge.
This is an appeal from a judgment of the district court granted in favor of plaintiff, awarding to him damages in the amount of $164,161.00, including expert fees and medical expenses, for injuries sustained by him *641 on June 14, 1977. Plaintiff, who was employed as a truck driver by Browning-Ferris Industries, Chemicals & Solvents, Inc., was severely burned by sulfuric acid which was being dispensed into his employer’s truck by the seller, Magnolia Chemical & Solvents, Inc., hereinafter “Magnolia”, under the direction and supervision of Adolph Hilken, the plant manager for Magnolia. From that judgment, which we affirm, Magnolia appeals.
On appeal, Magnolia contends that the trial judge erred in finding it negligent, in failing to find that the plaintiff was con-tributorily negligent or that he had assumed the risk, and in awarding expert fees. Appellant also argues that the trial court clearly abused its discretion in the amount of damages awarded.
The first twenty-five pages of appellant’s brief deal with the issue of liability and defenses thereto. But for three and one-half pages, the bulk of the liability arguments consists of restatements of testimony contained within the record and reargument of the facts of the case. The function of the appellate court is different from that of the trial court in that the trial court is the finder of fact. The appellate court is limited to a determination as to whether the trial judge was manifestly erroneous in his factual determinations. Canter v. Koehring, 283 So.2d 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
In the instant appeal the trial court has provided the following written reasons for judgment:
“This is a suit for damages as a result of injuries sustained by the plaintiff when splashed with sulfuric acid. The merits were tried before the Court and consumed approximately three days of testimony. After considering the evidence and the law in this ease, the Court, for the reasons contained in these findings, holds that the plaintiff is entitled to a judgment against Magnolia Chemicals and Solvents, Inc., Commercial Union Insurance Company and Adolph Hilken, jointly, severally and in solido, in the sum of $164,161.00, together with interest, costs, expert fees and medical expenses.
This Court finds that the plaintiff, Claibert J. Morales, Sr., was a “business invitee” of the defendant Magnolia Chemicals and Solvents, Inc. On the day of this injury, the plaintiff was at the defendant’s plant to pick up an unspecified chemical. “An ‘invitee’ is the person who goes on the premises with the express or implied invitation of the occupant on the business of the latter or for their mutual advantage, and to him the duty owed is that of reasonable and ordinary care, which includes the proper discovery of reasonably discoverable conditions on the premises which may be unreasonably dangerous and correction thereof or warning to the invitee of the danger.” Taylor v. National Indemnity Company, 215 So.2d 203 [(La.App.1968)].
Where one is engaged in the distribution of an inherently dangerous substance, he is charged with the duty of exercising the utmost degree of care.
This Court finds that defendants, Magnolia Chemicals and Solvents, Inc. and Adolph H. Hilken were negligent in that they breached the duty of care owed to the plaintiff by not warning the plaintiff, Mr. Morales, of the dangers inherent in dealing with a chemical of the nature of sulfuric acid. The defendants failed to use a safe method of loading the acid as well as failing to use the proper protective and safety gear needed.
The Court therefore concludes that the cause in fact of the plaintiff’s injury was the failure of Magnolia and Hilken to exercise reasonable care in the dispensing of a dangerous chemical and that the defendant’s conduct was a breach of the duty imposed to protect the plaintiff under the circumstances.
The defendants failed to prove and the Court finds no contributory negligence on the part of the plaintiff.
The injuries sustained by the plaintiff were both serious and uncontested. The evidence revealed that the plaintiff suffered sulfuric acid burns over one fifth (Vs) of his entire body.
*642 Considering the nature and permanency of the injuries as related herein as well as awards made in similar type cases, the Court assesses damages for past and future pain and suffering and for permanent scarring and disfigurement, in the full amount of one hundred sixty-four thousand one hundred sixty-one and no/100 dollars ($164,161.00).
The expert fees are set at five thousand eight hundred thirty-eight and 64/100 ($5,838.64).
The Court recognizes the claim of the intervenor for medical expenses of $2,000.50 and reimbursement of compensation paid in the amount of $5,095.00.
For the reasons stated hereinabove, there will be judgment in favor of the plaintiff, Claibert J. Morales, Sr., and against the defendants, Magnolia Chemical and Solvents, Inc., Adolph H. Hilken and Commercial Union Insurance Co., jointly, severally and in solido in the amount of one hundred sixty-four thousand one hundred sixty-one dollars and no/100 ($164,161.00) Dollars together with legal interest from date of judicial demand until paid, all court costs and expert fees in the amount of $5,838.64, and medical expenses of $2,000.50. Out of the aforesaid Judgment, intervenor is to be reimbursed the total sum of seven thousand ninety-five and 50/100 dollars ($7,095.00).”
This case primarily revolves around a credibility determination by the trial judge. We agree with the conclusion of the trial judge that Morales did not know that the chemical being pumped was sulfuric acid, that defendants failed to so inform him, that defendants failed to provide him with any safety equipment and that defendants instituted and controlled the method by which and manner in which the acid was pumped. Accordingly, we cannot conclude that the trial judge was manifestly erroneous.
Turning to issue of quantum, we note that Mr. Morales suffered sulfuric acid burns over almost 30% of his total skin surface. Mr. Morales has lost all pigmentation and hair in the burned areas, resulting in a permanent mottled “albino” effect. As much of the scarring is on his face, head, shoulders, and legs it has caused Mr. Morales to become very self-conscious. He will experience pain on a daily basis for the rest of his life, particularly in conjunction with changes in temperature and physical exertion.
While burns are among the most painful types of physical injuries, our courts have recognized that sulfuric acid burns cause indescribable pain and suffering because the acid continues to react on the body for seventy-two hours even though the wounds are thoroughly cleaned. Cain v. Witco Chemical Corp., 341 So.2d 1220, 1227, (La. App. 1st, 1976). Mr. Morales is permanently disabled and has a life expectancy of 38 years.
The standard of review to be used by this court is whether the trial judge clearly abused his discretion. In light of the particular injuries involved and their effects upon this particular person, we cannot conclude that the trial judge clearly abused his discretion. Reck v. Stevens, 373 So.2d 498, 501 (La., 1979).
For the reasons discussed, the judgment of the district court is affirmed.

AFFIRMED.