DUFRESNE, Judge.
Defendants-appellants, Sitman Foster and his home liability insurer, Southeastern Fire Insurance Co., appeal from a jury verdict awarding $15,000 to plaintiffs-appel-lees, James Dunn and his minor child, Rachel, for injuries suffered by the child at Foster’s home.
The facts are uncontested. The house was damaged by fire some two months before Rachel’s injury, and was uninhabited during repairs. On the day of the injury, Foster’s fifteen year old son Jessie, Rachel, and a third teenager, Pat Exsterstein, were playing at the empty house. It was stipulated that the children were legally on the premises.
During a game of chase with Pat, Rachel ran out the back door into the yard. On exiting the door, she noticed that it was somewhat stuck, but she was nonetheless able to open it and close it behind her. She then returned running to the door to reenter the house. As she reached the door, she put out her hand to push it open. Unfortunately, her hand missed the wood frame and struck instead, one of the small glass panes at the top of the door. The glass shattered and lacerated her hand and arm.
Plaintiffs argued successfully at trial that the sticking of the door was the cause, in fact, of the accident, and that this sticking was a dangerously defective condition which was left uncorrected by Foster, in violation of his duty to one legally on the premises, and therefore that he was negligent.
Defendants argue to the contrary here, that even though the stuck door was the cause of the injury, such a door is not an inherently dangerous condition such as to impose on Foster a duty to correct it. He therefore could not have negligently breached a duty which did not exist.
Because we agree that the stuck door did not create a duty on Foster to correct that condition, under the circumstances of this case; we reverse the jury verdict, which cast him in judgment for negligent breach of that duty.
In tort cases, a court must first determine the cause in fact of the injury. If the injury was caused by some act or omission of the alleged tort-feasor, the inquiry then becomes whether there was a legal duty which encompassed the particular risk that caused plaintiff’s harm. Jones v. Robbins, 289 So.2d 104 (La.1974).
In the present case, there was sufficient evidence for the jury to infer that because the door stuck, the glass pane shattered and cut Rachel’s hand and arm. The stuck door was thus the cause in fact of the injury.
Our next inquiry then becomes whether the defendant owed any legal duty to the plaintiff, which encompassed the risk of the injury suffered.
There is no question that a homeowner has a duty to discover, and either correct or warn a guest of any unreasonably dangerous conditions on his premises. However, this duty does not make the owner an insurer of his guests, against all possibility of accident. Shelton v. Aetna Casualty & Surety Co., 334 So.2d 406, 410 (La.1976); Taylor v. National Indemnity Co., 215 So.2d 203 (La.App. 3rd Cir.1968). Neither is this duty breached by failure to repair or warn a guest, unless there is some inherently dangerous condition on the premises, which could foreseeably cause an unreasonable risk of harm, under the circumstances. Cook v. Central Mutual Insurance Co., 345 So.2d 1013 (La.App. 2nd Cir.1977).
Here, the only alleged dangerous condition, was a door which required more than usual effort to be opened. We find that such a condition was not so inherently dangerous as to constitute an unreasonable risk of harm, under the circumstances of this case. See Renfro v. South Coast Corp., 374 So.2d 122 (La.App. 1st Cir.1979).
While any defect in a house could fore-seeably cause injury, the law does not impose an absolute duty on the homeowner to correct that defect, unless it is so dangerous as to create an unreasonable risk of harm. Put another way, if the magnitude of the risk created is outweighed by the utility or *520 social value of the conduct creating it, then that risk is not unreasonable, and therefore the condition creating that risk is not unreasonably dangerous. Goff v. Carlino, 181 So.2d 426 (La.App. 3rd Cir.1965). Stuck doors in homes are quite common, and the cost of repairing such doors is generally deemed to outweigh the minor difficulty of opening and closing them. Neither are such doors considered dangerous, much less unreasonably dangerous.
We therefore conclude, that under the circumstances of this case, the residential door, which required more than usual effort to open, was simply not a condition which created an unreasonable risk of the harm suffered; and therefore that Foster had no duty to correct that condition. As there was no duty owed, Foster cannot be held liable for negligently breaching that duty.
This court recognizes that, where children are concerned, the duty of the homeowner is more burdensome, because children often fail to perceive dangers which would be obvious to adults. Taylor v. National Indemnity Co., 215 So.2d 203 (La.App. 3rd Cir.1968). However, to invoke this principle, there must still be some inherently dangerous condition that creates an unreasonable risk of harm, which the child failed to appreciate because of his immaturity. Cook v. Central Mutual Insurance Co., 345 So.2d 1013 (La.App. 2nd Cir.1977). As we have concluded that the stuck door was not inherently dangerous, under the circumstances of this case, we need not consider Rachel’s age nor her appreciation of danger.
Because we find that Foster breached no duty owed to a guest on his premises, we need not consider other issues raised on appeal.
For the foregoing reasons, the decision of the trial court is reversed. All costs of this appeal are to be paid by the plaintiffs.
reversed;